Peter R. Ehrhardt, Alaska Bar No. 8006016
EHRHARDT, ELSNER & COOLEY
215 Fidalgo Avenue, Suite 201
Kenai, AK 99611
Tel.: (907) 283-2876
Fax: (907) 283-2896
peter@907legal.com

Shanon J. Carson (admitted *pro hac vice*)
Peter R. Kahana (admitted *pro hac vice*)
Lane L. Vines (admitted *pro hac vice*)
Yechiel M. Twersky (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
scarson@bm.net
pkahana@bm.net
lvines@bm.net
mitwersky@bm.net

*Attorneys for Plaintiff South Peninsula Hospital
and the Proposed Settlement Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| SOUTH PENINSULA HOSPITAL, *et al.*, on behalf of themselves and others similarly situated, | : : : : | Case No. 3:15-cv-00177-JMK |
| Plaintiffs, | : : : | **PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | : : | |
| XEROX STATE HEALTHCARE, LLC (n/k/a Conduent State Healthcare, LLC), | : : : | |
| Defendant. | : : : | |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................... 2

    A. This Case Concerns Allegedly Late Paid Medicaid Claims ......................... 2

    B. Procedural History ........................................................................................ 3

    C. Both Extensive Fact And Expert Discovery Has Been Conducted .............. 5

    D. Plaintiff's Motion For Class Certification ................................................... 7

    E. The Mediation Process Resulted In This Settlement ................................... 7

III. THE SETTLEMENT AGREEMENT ................................................................. 8

    A. The Proposed Settlement Class ................................................................... 8

    B. Under the Settlement, The Settlement Class Members Are Entitled To Significant Compensation .......................................................................... 8

    C. The Release Of Claims Is Proper And Excludes Denied Claims That Could Not Have Been Subject To This Litigation ............................................. 11

    D. The Notice Plan Complies With Rule 23 ................................................. 11

IV. ARGUMENT ................................................................................................... 13

    A. The Settlement Terms Are Fair, Reasonable, and Adequate ..................... 14

        1. The Settlement Was Reached After Substantial Discovery and Arm's-Length Negotiations Between Experienced Counsel ................................. 15

        2. The Settlement Is Well Within the Range of Reasonableness ............... 16

    B. The Court Should Provisionally Certify the Settlement Class ................... 24

        1. Numerosity ........................................................................................ 25

        2. Commonality ..................................................................................... 25

        3. Typicality .......................................................................................... 26

        4. Adequacy ........................................................................................... 27

        5. Predominance and Superiority ........................................................... 29

    C. The Notice Plan Satisfies Rule 23 and Due Process ................................. 33

V. PROPOSED SCHEDULE OF CERTAIN SETTLEMENT EVENTS ................. 34

VI. CONCLUSION ................................................................................................ 35

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-JMK
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 2 of 43

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997).................................................................................................24

*Bisaccia* v. *Revel Systems Inc.*,
  2019 WL 861425 (N.D. Cal. Feb. 22, 2019) .........................................................28

*Carlin v. DairyAmerica, Inc.*,
  380 F. Supp. 3d 998 (E.D. Cal. 2019) ...................................................................10

*Chen v. Chase Bank USA, N.A.*,
  2020 WL 264332 (N.D. Cal. Jan. 16, 2020)...........................................................15

*Dashiell v. Cty. of Riverside*,
  2018 WL 3629915 (C.D. Cal. July 19, 2018)..........................................................24

*Dawson v. Hitco Carbon Composites, Inc.*,
  2019 WL 7842550 (C.D. Cal. Nov. 25, 2019) ........................................................20

*De La Torre v. CashCall, Inc.*,
  2017 WL 2670699 (N.D. Cal. June 21, 2017).....................................................23, 24

*Del Valle v. Glob. Exch. Vacation Club*,
  320 F.R.D. 50 (C.D. Cal. 2017)...............................................................................25

*EK Vathana v. Everbank*,
  2016 WL 3951334 (N.D. Cal. July 20, 2016).........................................................20

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  563 U.S. 804 (2011).............................................................................................29, 30

*French v. First Transit, Inc.*,
  2020 WL 1849587 (S.D. Cal. Apr. 13, 2020)..........................................................16

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................................27

*Hendricks v. StarKist Co.*,
  2015 WL 4498083 (N.D. Cal. July 23, 2015) .....................................................19, 22

*Hesse v. Sprint Corp.*,
  598 F.3d 581 (9th Cir. 2010) ...............................................................................11, 12

*Hilsley v. Ocean Spray Cranberries, Inc.*,
  2020 WL 520616 (S.D. Cal. Jan. 31, 2020) ...........................................................21

*Hudson v. Libre Tech. Inc.*,
  2020 WL 2467060 (S.D. Cal. May 13, 2020) .........................................................19

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*,
  2019 WL 536661 (N.D. Cal. Feb. 11, 2019) ..........................................................26

*In re Extreme Networks, Inc. Sec. Litig.*,
  2019 WL 3290770 (N.D. Cal. July 22, 2019) .........................................................22

*In re Haier Freezer Consumer Litig.*,
  2013 WL 2237890 (N.D. Cal. May 21, 2013)..........................................................20

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-JMK
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 3 of 43

*In re High-Tech Employee Antitrust Litig.*,
  2015 WL 5159441 (N.D. Cal. Sept. 2, 2015) .................................................... 23
*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ................................................................ 14, 32
*In re Initial Pub. Offering Sec. Litig.*,
  226 F.R.D. 186 (S.D.N.Y. 2005) ............................................................. 33
*In re Lidoderm Antitrust Litig.*,
  2017 WL 679367 (N.D. Cal. Feb. 21, 2017) ................................................. 21
*In re Linkedin User Privacy Litig.*,
  309 F.R.D. 573 (N.D. Cal. 2015) ............................................................ 20
*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ................................................................ 33
*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*
  *& Prod. Liab. Litig.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ....................... 21
*J.L. v. Cissna*,
  2019 WL 415579 (N.D. Cal. Feb. 1, 2019) .................................................. 26
*Just Film, Inc. v. Buono*,
  847 F.3d 1108 (9th Cir. 2017) ............................................................... 27
*Kmiec v. Powerwave Techs., Inc.*,
  2016 WL 5938709 (C.D. Cal. July 11, 2016) ............................................... 16
*Kulesa v. PC Cleaner, Inc.*,
  2014 WL 12581769 (C.D. Cal. Feb. 10, 2014) ............................................. 16
*Long v. Arnold*,
  386 P.3d 1217 (Alaska 2016) ............................................................... 30
*McKinnie v. JP Morgan Chase Bank, N.A.*,
  678 F. Supp. 2d 806 (E.D. Wis. 2009) ..................................................... 21
*Mergens v. Sloan Valve Co.*,
  2017 WL 9486153 (C.D. Cal. Sept. 18, 2017) ............................................. 28
*Millan v. Cascade Water Servs., Inc.*,
  310 F.R.D. 593 (E.D. Cal. 2015) ........................................................... 19
*Moreno v. Beacon Roofing Supply, Inc.*,
  2020 WL 3960481 (S.D. Cal. July 13, 2020) ............................................... 19
*Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*,
  2020 WL 5044418 (C.D. Cal. May 7, 2020) ............................................... 13
*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ................................................................ 18
*Olson v. Tesoro Ref. & Mktg. Co.*,
  2007 WL 2703053 (W.D. Wash. Sept. 12, 2007) .......................................... 25
*Parsons v. Ryan*,
  754 F.3d 657 (9th Cir. 2014) ............................................................... 27
*Peterson v. Alaska Commc'ns Sys. Grp., Inc.*,
  328 F.R.D. 255 (D. Alaska 2018) ....................................................... 24, 25

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-JMK
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 4 of 43

*Rannis v. Recchia,*
    380 F. App'x 646 (9th Cir. 2010) ......................................................... 25
*Reyes v. Experian Info. Sols., Inc.,*
    2020 WL 466638 (C.D. Cal. Jan. 27, 2020) ........................................... 22
*Rodriguez v. West Publ'g. Corp.,*
    563 F.3d 948 (9th Cir. 2009) ................................................................. 18
*Romero v. Securus Techs., Inc.,*
    2020 WL 3250599 (S.D. Cal. June 16, 2020) ........................................ 23
*Salas v. Toyota Motor Sales, U.S.A., Inc.,*
    2019 WL 1940619 (C.D. Cal. Mar. 27, 2019).......................................... 29
*Singer v. Becton Dickinson & Co.,*
    2010 WL 2196104 (S.D. Cal. June 1, 2010) .......................................... 22
*Tait v. BSH Home Appliances Corp.,*
    289 F.R.D. 466 (C.D. Cal. 2012)............................................................ 32
*Torres v. Mercer Canyons Inc.,*
    835 F.3d 1125 (9th Cir. 2016) ...................................................25, 27, 29
*Van Lith v. iHeartMedia + Entm't, Inc.,*
    No. 2017 WL 1064662 (E.D. Cal. Mar. 20, 2017) ................................... 16
*Walsh v. CorePower Yoga LLC,*
    2017 WL 589199 (N.D. Cal. Feb. 14, 2017) .......................................... 33
*Watson v. Tennant Co.,*
    2020 WL 5502318 (E.D. Cal. Sept. 11, 2020) ....................................... 24
*Wilcox v. Swapp,*
    330 F.R.D. 584 (E.D. Wash. 2019)........................................................... 8
*Wolin v. Jaguar Land Rover N. Am., LLC,*
    617 F.3d 1168 (9th Cir. 2010) ............................................................... 31

**Statutes**

A.S. § 09.10.070 ............................................................................................ 3
A.S. § 45.50.471 ............................................................................................ 2
A.S. § 45.50.531 ................................................................................. 3, 17, 18
28 U.S.C. § 1715 ......................................................................................... 34

**Rules**

FED. R. CIV. P. 23 ..................................................................................passim
FED. R. CIV. P. 23(a) ..............................................................................passim
FED. R. CIV. P. 23(b).................................................................... 24, 29, 31
FED. R. CIV. P. 23(c) ..............................................................................passim
FED. R. CIV. P. 23(d)................................................................................... 16
FED. R. CIV. P. 23(e) ..............................................................................passim
FED. R. CIV. P. 23(f) ................................................................................... 18
FED. R. CIV. P. 23(g)................................................................................... 28

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-JMK
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**

FED. R. CIV. P. 41(a)(2) ............................................................................................ 2

**Regulations**

42 C.F.R. § 447.45 .............................................................................................. 4, 18

**Other Authorities**

Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:10 (5th ed.)....................................... 13
Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:44 (5th ed.)....................................... 14
Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.)....................................... 20
*Manual for Complex Litigation*, *Fourth* § 21.634 ............................................. 34

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-JMK
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement**
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 6 of 43

# I. <u>INTRODUCTION</u>

Plaintiff South Peninsula Hospital ("Plaintiff"), individually and on behalf of the Settlement Class,[1] requests preliminary approval of a $6,750,000 settlement of Plaintiff's claims against Xerox State Healthcare, LLC (n/k/a Conduent State Healthcare, LLC) ("Conduent"). The Settlement was reached after nearly five years of contested litigation including extensive discovery, and is the product of extensive arm's-length negotiations by experienced and informed counsel, with the aid of an experienced mediator (a retired U.S. Magistrate Judge for the Southern District of New York). If approved, the Settlement will resolve all claims of Plaintiff and the Settlement Class Members.

The Settlement warrants preliminary approval as the terms are fair, reasonable, and adequate and meet all requirements of Rule 23 of the Federal Rules of Civil Procedure. Thus, Plaintiff respectfully requests that the Court enter the proposed Preliminary Approval Order (Exhibit C to the Settlement Agreement), which (1) preliminarily approves the Settlement, (2) certifies the Settlement Class, (3) appoints Plaintiff as the Settlement Class Representative, (4) appoints Plaintiff's counsel as Class Counsel, (5) approves the proposed Notice Program and issuance of Notice to Settlement Class Members, and (6) schedules a Final Approval Hearing to consider final approval of the Settlement. Conduent does not oppose the relief sought in the Motion.

---

[1] Unless otherwise stated, all capitalized terms have the meanings as defined in the parties' Settlement Agreement attached as Exhibit 1. Attached as Exhibit 2 is the Declaration of Steven Weisbrot of Angeion Group, the parties' selected Settlement Administrator, which sets forth the Settlement Administrator's background and qualifications.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 1 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 7 of 43

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. This Case Concerns Allegedly Late Paid Medicaid Claims

On September 24, 2015, Plaintiff, a Medicaid-enrolled hospital in Homer, Alaska, initiated this lawsuit seeking individual and class damages arising from Conduent's alleged misconduct in the design, development, and implementation of a new Medicaid Management Information System ("MMIS"), under a September 26, 2007 Contract (and incorporated Request for Proposal ("RFP")) between Conduent and the State of Alaska ("Alaska"). The new MMIS, known as Health Enterprise, replaced Alaska's legacy system[2] and was intended to process and pay valid claims for reimbursement of Medicaid services submitted by Alaskan Medicaid enrolled billing providers.[3] However, Plaintiff alleges that problems with Health Enterprise's functionality surfaced after it was rolled out on October 1, 2013, which, among other things, rendered billing providers incapable of receiving payment on many of their submitted claims for an extended period.

Plaintiff twice amended its complaint[4] but each version pleaded the same two claims: (a) Count I for violation of the Alaska Unfair Trade Practice and Consumer Protection Act ("AUTPCPA"), A.S. § 45.50.471, alleging that Conduent falsely

---

[2] In bringing this case, Plaintiff was initially joined by Alaska Speech and Language Clinic, Inc. and Kenai Vision Center, LLC (Dkt. 1), but those businesses later withdrew as named plaintiffs pursuant to FED. R. CIV. P. 41(a)(2). Dkts. 62, 72.

[3] A billing provider is an individual or entity that submits a claim to Medicaid for reimbursement. In comparison, rendering providers are individuals that render services to a Medicaid-eligible person. For example, a hospital may be a billing provider and the physicians it employs are rendering providers. Only billing providers may bill a claim to Medicaid. Dkt. 186-1 at 4 & notes 9-12.

[4] Dkt. 34, First Amended Complaint ("FAC"), Dkt. 92, Second Amended Complaint ("SAC").

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 2 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 8 of 43

represented to Alaska that Health Enterprise was ready to be rolled out (*i.e.*, Go-Live) when it was not; and (b) Count II for Negligence and/or Reckless Indifference, alleging that Conduent did not use reasonable care in the design, development, and implementation of Health Enterprise and then deployed it on the Go-Live date of October 1, 2013 despite Conduent's knowledge that it was not fully functional. Dkt. 92.[5]  Conduent denied these allegations.  Dkts. 52 and 93.

Plaintiff alleges that Conduent's conduct led to properly submitted and valid (*i.e.*, "clean") claims for Medicaid reimbursement being improperly paid late due to the volume of problems within Health Enterprise that required correction, and that, consequently, Alaska Medicaid billing providers suffered economic harm as a result. Dkts. 92, 157, 213. The Court has acknowledged that this case is focused on the recovery of damages for valid "claims that were paid, but paid late." Dkt. 51 at 10 & n. 55, 57; *see also* Dkt. 135 at 2.

### B.    Procedural History

Plaintiff filed the FAC on January 15, 2016. Dkt. 34. On February 8, 2016, Conduent filed a fifty-page motion to dismiss including two declarations and thirty-two exhibits, seeking to dismiss both the AUTPCPA and negligence counts for failure to exhaust administrative remedies, and as barred by sovereign immunity. Conduent also moved to dismiss the negligence claim based on the economic loss doctrine, and the AUTPCPA claim because Conduent did not directly "transact" with the Plaintiff. Conduent

---

[5] No other litigation concerning the claims in this lawsuit has been filed by any person and Plaintiff's complaint was commenced within the applicable two-year statute of limitations governing violations of the AUTPCPA and for common law negligence. *See* A.S. § 09.10.070; A.S. § 45.50.531.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 3 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 9 of 43

also moved to strike the class claims. *See* Dkts. 35-37. On September 30, 2016, after extensive briefing (Dkts. 39-40) and oral argument (Dkt. 50), the Court denied Conduent's motion. On October 21, 2016, Conduent filed an Answer and Affirmative Defenses. Dkt. 52.

After production by Conduent of over 210,000 documents, Plaintiff moved on April 27, 2018 to amend the FAC to "tighten" the class definition to add certain objective criteria for identification of class members. Dkt. 79. The proposed amended class definition was based on terms in the Alaska MMIS Contract's incorporated RFP as well as 42 C.F.R. § 447.45, the federal regulations for timely payment of Medicaid claims. *See* Dkt. 79. Following additional briefing (Dkts. 83, 87), the Court allowed the amendment finding: "[a]lthough Plaintiff's proposed amendment alters the class definition, it does not reflect a 'radical shift in direction,' or otherwise significantly expand the scope of litigation." Dkt. 91. Plaintiff filed the SAC. Dkt. 92. Conduent thereafter filed an Answer and Affirmative Defenses to the Amended Complaint. Dkt. 93.

Following the close of class discovery, on October 14, 2019, Plaintiff filed its Motion for Class Certification (Dkt. 157), as well as an accompanying Motion to further amend the class definition. Dkt. 153. The proposed Third Amended Complaint ("TAC") did not change the theory of the case but offered two proposed alternative class definitions to refine the definition based on the elements of 42 C.F.R. § 447.45 (as opposed to interjecting elements of the Contract's RFP), or alternatively, to match how Plaintiff alleged that Conduent itself, in conjunction with the State of Alaska, actually measures Alaska's timely payment of Medicaid claims. Conduent opposed the latter amendment to

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 4 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 10 of 43

the class definition but agreed to the former amendment solely for purposes of the Court ruling on Plaintiff's Motion for Class Certification (Dkt. 177), which remains *sub judice*.

### C. Both Extensive Fact And Expert Discovery Has Been Conducted

The Parties began discovery on February 22, 2017 with the filing of a Scheduling and Planning Conference Report and Proposed Scheduling Order, in which they proposed, and the Court approved, that discovery should be bifurcated between a class certification phase that would be followed by a merits phase after the Court's ruling on Plaintiff's class certification motion. Dkts. 55, 73-75. On May 1, 2017, Plaintiff served ninety-one document requests on Conduent, and on June 12, 2017, Conduent served one hundred and six document requests on Plaintiff, ninety-three document requests on Alaska Speech and Language Clinic, Inc., and one hundred and three document requests on Kenai Vision Center, LLC. Following extensive negotiations about the scope of ESI discovery, over 250,000 documents and close to one million pages of documents were produced. The Parties collectively deposed eighteen witnesses in a fact and/or Rule 30(b)(6) capacity, including third party witnesses such as four State of Alaska witnesses and six non-party Alaska Medicaid providers. Together, the Parties also served and responded to 50 Interrogatories and over 20 Requests for Admissions. There is no question that discovery in this litigation has been extensive.

Another significant litigation event was whether Plaintiff and its experts could obtain in discovery the Medicaid claims data in Health Enterprise. Plaintiff filed a motion to compel access to the Health Enterprise database (Dkts. 94-95) that Conduent opposed (Dkt. 98), which led to oral argument (Dkts. 120-121). Post argument negotiations were

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 5 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 11 of 43

unsuccessful on reaching a compromise, and Conduent filed a related Motion for Protective Order requesting that if the Court granted the motion to compel, the Court should also approve an additional protective order to address privacy and confidentiality concerns. *See* Dkt. 128. After further briefing, on February 5, 2019, the Court issued an order allowing Plaintiff's experts onsite access to Health Enterprise for 80 hours. Dkt. 135. This Order also temporarily stayed all other discovery at that time. *Id.* Plaintiff's expert conducted this onsite inspection in two trips to Alaska, in February and April 2019. *See* Dkts. 141, 143.

Both parties also retained three expert witnesses concerning class certification. Specifically, Plaintiff retained and submitted the expert reports of (a) Frank D. Cohen, a healthcare computational data expert, regarding a methodology to use the data stored in Health Enterprise to objectively identify the Medicaid claims that were paid late and calculate the lost time value of money for those claims, (b) Sean Weiss, a Medicaid billing and claims auditing expert, regarding what constitutes a valid claim and how such claims are objectively identifiable, and (c) Professor Israel Shaked, an economics expert, regarding the common types of injury and damages that class members suffered in connection with late payments, and the applicable interest rates that should be used to determine the lost time value of money across the class. Each of these experts submitted both opening and rebuttal reports, and each was deposed by Conduent.

In response, Conduent presented three expert witnesses, including (a) Mary Beth Edwards, who opined on Health Enterprise and in rebuttal to Mr. Cohen and Mr. Weiss, (b) Dr. Bo Martin, who opined on the Medicaid claims at issue and offered statistical testimony in rebuttal to Mr. Cohen, and (c) Sid Jaishankar, who offered rebuttal to

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 6 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 12 of 43

Professor Shaked. Neither party moved to exclude the other side's experts; however, the Parties vigorously contested the propriety of the other side's expert opinions.

In summary, through all the discovery above, the Parties gained significant knowledge of the strengths and weaknesses of the claims and defenses both as to class certification and as to the merits of the claims.

### D. Plaintiff's Motion For Class Certification

After four years of litigation, Plaintiff filed its Motion for Class Certification on October 14, 2019. Dkt. 157, 213. Conduent vigorously opposed the Motion. Dkts. 171, 186-187. In conjunction with the class certification briefing, the Parties jointly submitted 100 exhibits to support their respective positions. Dkts. 158, 172-176, 213.

Plaintiff's Motion for Class Certification and Motion for Leave to Amend the Class Definition had been set for oral argument on April 3, 2020, before being postponed due to the global COVID-19 pandemic. Dkts. 216, 225. That is where the litigation stood before the Parties met and conferred regarding ADR and requested a stay pending mediation that began on June 23, 2020 and continued for some period afterwards. Dkt. 226. The Court granted this stay. Dkt. 227.

### E. The Mediation Process Resulted In This Settlement

On June 23, 2020, the Parties participated in mediation via Zoom before the Hon. Theodore Katz of JAMS, former U.S. Magistrate Judge of the Southern District of New York (Ret.). After the conclusion of this mediation process, the Parties accepted a mediator's proposal that contained certain material terms on which the Settlement is based. Thereafter, the Parties have worked diligently to negotiate the details of the Settlement

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 7 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 13 of 43

Agreement, including numerous back-and-forth exchanges to iron out the final Settlement terms. *See* Dkts. 230, 232, 234, 236. The Parties' Settlement Agreement is the result of this hard-fought litigation, extensive discovery, and the mediation process, and the Parties express their appreciation to the Court and to the Mediator for facilitating this process.

## III.    THE SETTLEMENT AGREEMENT

### A.    The Proposed Settlement Class

Pursuant to the Parties' Settlement Agreement, the Settlement Class is defined as all Alaska Medicaid authorized billing providers ("Medicaid billing providers") that submitted a Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016.[6] *See* Ex. 1 ("Settlement Agreement", hereinafter "S.A.") at ¶ 1(ee). The Settlement Class is composed of 4,241 members and is properly defined based on objective criteria. *See Wilcox v. Swapp*, 330 F.R.D. 584, 596 (E.D. Wash. 2019) ("[T]he determining factor in creating a clear and definite class definition is whether class members are determined with 'an objective criterion.'").

### B.    Under the Settlement, The Settlement Class Members Are Entitled To Significant Compensation

Subject to the Court's approval, the Settlement will create a *non-reversionary* common Settlement Fund of $6,750,000 paid by Conduent, inclusive of the amount payable to Authorized Claimants (*i.e.*, Settlement Class Members who do not request

---

[6] For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 8 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 14 of 43

exclusion from the Settlement and who submit a valid and timely Claim Form to the Settlement Administrator); attorneys' fees and Litigation Expenses awarded to Class Counsel; any Service Award to the Class Representative; and Notice and Administration Costs -- all as monetary consideration for the Release of Plaintiff's and Settlement Class Members' claims. S.A. ¶¶1, 4-7. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis in proportion to the total amount of their respective Class Period Reimbursements as compared with the other Authorized Claimants, with the exception that no Authorized Claimant will receive less than $300. S.A. ¶¶ 6-7.

Class Period Reimbursements are the total Medicaid billing reimbursements received by a Settlement Class Member for claims submitted via or to be processed by Health Enterprise during the period from October 1, 2013 through December 31, 2016, including claims arising on or before December 31, 2016, if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016. S.A. ¶1(g). In other words, the more Medicaid billing claims a Settlement Class Member submitted during the relevant time period, the more they stand to recover. This objective and common-sense plan of allocation does not improperly favor any Settlement Class Member. S.A. ¶ 7.

The Claim Form does not require any independent or unique proof and only requires a Settlement Class Member to attest under oath that they are in fact part of the Settlement Class and "did not receive timely reimbursement(s), resulting in economic harm to the Claimant, including loss of the time use of money and/or consequential damages related to time and costs spent by the Claimant to follow up on the reimbursement(s)." S.A. ¶ 1(d)

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 9 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 15 of 43

and Ex. A thereto. Any Settlement Class Member that so chooses can either opt-out of the Settlement or object at their discretion. S.A. ¶¶ 20-22.

Plaintiff will request by way of a separate Motion for Attorneys' Fees and Litigation Expenses that the Court grant attorneys' fees of up to one-third of the Settlement Fund ($2,250,000) plus reimbursement of their Litigation Expenses not to exceed $1.1 million. S.A. ¶ 24. At that time, Plaintiff will also request that the Court grant a Service Award to the sole Class Representative in an amount up to $25,000. S.A. ¶ 25. This Motion will be submitted 30 days before the Objection and Opt-Out Deadline (S.A. ¶¶ 1(v), 24), leaving Settlement Class Members time to comment (if they choose to) regarding such payments. Neither the attorneys' fees, Litigation Expenses, nor the proposed Service Award were negotiated before the other Settlement terms were agreed upon.

In reaching the Settlement, Plaintiff's counsel considered the positive value that Settlement Class Members are receiving in real money, when weighed against the risks of continued litigation. Moreover, Plaintiff believes that a one-third attorney fee is appropriate here because of the quality of the result achieved, the tremendous amount of time and costs invested in this case over a nearly five-year time span, the contingent nature of the work, as well as the unique and highly complicated substance of the claims. This is not a cookie-cutter case but has been a complex and high-risk case at every turn. *Accord Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1022 (E.D. Cal. 2019) (granting final approval and awarding attorney fees of one-third of the common fund; collecting cases), *appeal dismissed sub nom. Carlin v. Spooner*, 808 F. App'x 571 (9th Cir. 2020).

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 10 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 16 of 43

If approved, the Net Settlement Fund will consist of $3,375,000 (minus Notice and Administration Costs) to be distributed to Authorized Claimants. This is an excellent result for the Settlement Class Members. The *cy pres* component of this Settlement is negligible. *See* S.A. ¶ 10. Only if funds remain after the close of the check-cashing period that cannot be economically redistributed to Authorized Claimants will funds will be donated to a *cy pres* recipient: United Way of Anchorage. *Id.*

### C. The Release Of Claims Is Proper And Excludes Denied Claims That Could Not Have Been Subject To This Litigation

In consideration for the benefits to Plaintiff and Settlement Class Members, Conduent will obtain a release from Plaintiff and the Settlement Class as set forth in Paragraph 23 of the Settlement Agreement. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) ("[W]e have held that federal district courts properly released claims not alleged in the underlying complaint where those claims depended on the same set of facts as the claims that gave rise to the settlement.").

In line with the theory of this litigation, the "Released Claims do not include a release for [Conduent] related to the reduced, denied, or recouped payment of Medicaid reimbursement claims that were, are or may in the future be subject to the State of Alaska's Medicaid administrative appeals process." S.A. ¶ 23. The Release also does not include a release for the State of Alaska, which has never been a party to this action.

### D. The Notice Plan Complies With Rule 23

To ensure that Settlement Class Members receive notice that complies with Rule 23 so that they can submit a Claim Form, opt-out, or object to the Settlement, the Parties have

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 11 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 17 of 43

agreed to a multitiered Notice Plan to be administered by Angeion Group, LLC, a respected Settlement Administrator, subject to the approval of the Court. The Settlement Administrator will disseminate the Notice Plan and administer the claims process and distribution of payments to Eligible Claimants. S.A. ¶¶ 1(u), 1(dd), 11-22.

Within two weeks of the signing of the Settlement Agreement, Conduent is required to provide the Settlement Administrator with data about each Settlement Class Member including their name, mailing address, and email address. S.A. ¶ 8. Using that information, the Settlement Administrator will provide direct notice by first-class postage pre-paid U.S. Mail and email (to the extent available) within 30 days of the Court's Preliminary Approval Order. S.A. ¶¶ 1(s), 16(a). The Settlement Administrator will also issue a press release regarding the Settlement via PR Newswire in a form approved by the Parties. S.A. ¶ 16(d).

In addition, the Settlement Administrator will create and maintain a Settlement Website. S.A. ¶ 16(b). The Settlement Website will provide, at a minimum: (i) information concerning deadlines for filing a Claim Form and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; (ii) the toll-free phone number for Settlement-related questions; (iii) copies of the Settlement Agreement, the Notice of Settlement, the Claim Form, settlement-related Court Orders and other relevant case documents; (iv) information about how to submit a Claim Form, including instructions for submitting a Claim Form electronically on the Settlement Website; and (v) a Frequently Asked Questions page. *Id.* The Settlement Administrator will also establish a toll-free telephone number that will provide Settlement Class Members with information about the Settlement and direct them to the Settlement Website. S.A. ¶ 16(c).

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 12 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 18 of 43

The proposed Notice of Settlement is attached as Exhibit B to the Settlement Agreement and it includes in clear and concise language all elements required by Federal Rule 23(c)(2)(1)(B)(i)-(vii). As is required, the Notice Plan here constitutes the best notice that is practicable under the circumstances.

## IV.  ARGUMENT

In 2018, Rule 23(e) was amended to codify the multi-step class action settlement process that was customarily employed. This process operates as follows: first, the Court must make a preliminary determination that it "will likely be able to": a) find that the settlement satisfies the criteria set out in Rule 23(e)(2); and b) certify the Settlement Class under the standards of Rule 23(a) and (b). *See* FED. R. CIV. P. 23(e)(1); *Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 2020 WL 5044418 (C.D. Cal. May 7, 2020) ("The settlement need only be potentially fair, as the Court will make a final determination of its adequacy at the hearing on Final Approval.") (citation omitted). Second, if the answers to the above two questions are affirmative, the Court directs combined notice of the proposed Settlement to the Settlement Class Members pursuant to Rule 23(c)(2)(B) and 23(e)(1), which includes a period for class members to voice objections to the settlement, opt out of the proposed class, or to indicate their approval by making claims. *See* Advisory Committee's Notes on 2018 Amendments to FED. R. CIV. P. 23 (hereinafter "Advisory Committee's Notes"). Third, the Court holds a hearing to make its final determination of whether the settlement is fair, reasonable, adequate under the criteria set forth in 23(e)(2); and whether the class merits certification. *See also* Rubinstein, 4 NEWBERG ON CLASS ACTIONS § 13:10 (5th ed.) (describing the three prong process and noting "[p]reliminary

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 13 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 19 of 43

approval is thus the first stage of the settlement process, and the court's primary objective at that point is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing").

For the reasons set forth below, the Court should preliminarily approve the Settlement and allow for notice of the Settlement to be provided to the Settlement Class.

### A.    The Settlement Terms Are Fair, Reasonable, and Adequate

Rule 23 requires that a class action settlement be "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned[.]" *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (citation omitted); William Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:44 (5th ed.) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

In determining the likelihood of approving the proposed settlement, the Court should consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 14 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 20 of 43

*See* FED. R. CIV. P. 23(e)(2)(A)-(D). These factors are not exclusive but "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Advisory Committee's Notes. At preliminary approval, courts generally ask whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Chen v. Chase Bank USA, N.A.*, 2020 WL 264332, at *6 (N.D. Cal. Jan. 16, 2020). Examination of the core concerns of procedure and substance demonstrate that here, the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

### 1. The Settlement Was Reached After Substantial Discovery and Arm's-Length Negotiations Between Experienced Counsel

Rule 23(e)(2)(A) and (B) call for consideration of whether "the class representatives and class counsel have adequately represented the class" and "the proposal was negotiated at arm's length." The Advisory Committee explains that these factors "identify matters that might be described as 'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." *See* Advisory Committee's Notes.

As set forth above, this Settlement was reached only with the assistance of an experienced mediator after a full day of mediation. Further, the Settlement was only concluded after nearly five years of litigation, including significant briefing by the Parties on a wide array of class and merits-related issues, and their having engaged in substantial discovery (including voluminous document productions, depositions, written discovery,

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 15 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 21 of 43

and expert disclosures). These two factors weigh significantly towards preliminary approval. *See* Advisory Committee's Notes (explaining that the "nature and amount of discovery," as well as the involvement of a "neutral" mediator are important factors).

Numerous courts in the Ninth Circuit have found such extensive discovery, the presence of a mediator, and the support of experienced class counsel all strongly counsel that a class action settlement is procedurally proper and should be approved. *See Kmiec v. Powerwave Techs., Inc.*, 2016 WL 5938709, at *4 (C.D. Cal. July 11, 2016) (finding it important that the parties did not settle until after "significant motion practice", "extensive discovery", the engagement of "an experienced mediator", and giving "significant weight" to the opinion of experienced Class Counsel that the recovery was extraordinary).[7]

### 2. The Settlement Is Well Within the Range of Reasonableness

Rule 23(e)(2)(C) and (D) "focus on what might be called a 'substantive' review of the terms of the proposed settlement." *See* Advisory Committee's Notes. In determining whether class-wide relief is adequate under Rule 23(e)(2)(C), the Court considers "the costs, risks, and delay of trial and appeal"; "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims"; "the terms of any proposed award of attorney's fees, including timing of payment"; and

---

[7] *See, e.g., French v. First Transit, Inc.*, 2020 WL 1849587, at *5 (S.D. Cal. Apr. 13, 2020) (recommendation of counsel closely acquainted with the facts is accorded great weight in regard to whether a settlement fairly reflects each party's expected outcome of the litigation); *Van Lith v. iHeartMedia + Entm't, Inc.*, 2017 WL 1064662, at *16 (E.D. Cal. Mar. 20, 2017) (settlement process procedurally adequate in light of adversarial negotiations and discovery performed); *Kulesa v. PC Cleaner, Inc.*, 2014 WL 12581769, at *10 (C.D. Cal. Feb. 10, 2014) (the parties entered into robust negotiation with a substantial understanding of the factual and legal issues).

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 16 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 22 of 43

"any agreement required to be identified under Rule 23(e)(3)." As the Advisory Committee explained: "Often, courts may need to forecast the likely range of possible class-wide recoveries and the likelihood of success in obtaining such results. That forecast cannot be done with arithmetic accuracy, but it can provide a benchmark for comparison with the settlement figure." Amended Rule 23(e)(2)(D) asks whether "the proposal treats Class members equitably relative to each other."

### a.    The Settlement is Substantial When Evaluated Against the Continuing Risks of Litigation

It is difficult to estimate what exact dollar amount might represent a full recovery for the Class after trial. This is because only the lost time value of money ascribable to the late payment of Medicaid claims, and statutory damages under the AUTPCPA, could be computable on a class-wide basis. This is why in the context of continued litigation, and absent a settlement, Plaintiff had proposed a two-stepped class certification trial plan--the first phase being the determination of common liability and damages issues, followed by a second phase of employing adjudicative means (like mini-trials or a hearing examiner) to determine each class member's entitlement to damages. Dkt. 157 at 28-29 (discussing the Phase two adjudication process if litigation continued).

Still, certain available benchmarks show that the recovery here when stacked against the risks is significant. First, the AUTPCPA provides that even absent individually proving damages, each class member would be entitled to a statutory damage award of $500. *See* A.S. § 45.50.531 (if such claims were proven at trial). By the terms of the Settlement Agreement, each Settlement Class Member is entitled to at least $300 (and potentially more

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 17 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 23 of 43

depending on the actual number of claimants and those claimants' respective *pro rata* share of the total Class Period Reimbursements). Thus, the Settlement achieves approximately 60% of the statutory damages and is therefore an excellent result.

By way of another measurement, reasonable extrapolation from Plaintiff's expert work shows that if the Court were to adopt the class proposed in the TAC based on 42 C.F.R. § 447.45, the lost time value of money damages could be $948,175, or pursuant to A.S. § 45.50.531, $2,844,525 trebled. Again, when compared to this number, the Settlement is substantial (representing potentially over 100% of the minimum lost time money of damages figure). *See Rodriguez v. West Publ'g. Corp.*, 563 F.3d 948, 964-65 (9th Cir. 2009) (affirming settlement approval where the settlement represented 30% of the estimated damages).[8]

In short, Plaintiff and its counsel, after developing a significant understanding of the strengths and weaknesses of the case, agreed to the Settlement because of the very real and substantial risk that continued litigation might result in a less favorable outcome, including potentially no recovery or a substantially similar recovery years down the road. Conduent is well defended by skilled counsel and has consistently contested the proprietary of class certification and vigorously denied both liability and damages. To prevail, Plaintiff will need to win class certification, likely defend the certification order in a Rule 23(f) appeal,

---

[8] If Plaintiff were to fully prevail at class certification, trial, and appeals, and claims were presented in a phase two trial, the *consequential damages* that might be obtained could be higher. Nonetheless, the recovery here is adequate when weighed against "the costs, risks, and delay of trial and appeal." *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved[.]")

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 18 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 24 of 43

survive summary judgment (after the completion of the case's merits discovery phase), protect their experts from evidentiary challenges before trial, and prevail at trial and in any subsequent appeals. This would be no small feat and would likely require at least several years to fully complete. *See Moreno v. Beacon Roofing Supply, Inc.*, 2020 WL 3960481, at *5 (S.D. Cal. July 13, 2020) ("Proceeding in this litigation in the absence of settlement posed various risks such as failing to certify a class, having summary judgment granted against Plaintiff, or losing at trial. Such considerations have been found to weigh heavily in favor of settlement."); *Hudson v. Libre Tech. Inc.*, No. 2020 WL 2467060, at *6 (S.D. Cal. May 13, 2020) (same).

While Plaintiff believes it would have prevailed on class certification despite Conduent's many arguments, the risk of non-certification is present.[9] And again, even if Plaintiff was able to clear this hurdle, significant liability risks would remain for trial. At bottom, given the uncertainty of class certification and any recovery, there is little question that this is an excellent result for the Settlement Class. *See Hendricks v. StarKist Co.*, 2015 WL 4498083, at *7 (N.D. Cal. July 23, 2015) (settlement representing "only a single-digit percentage of the maximum potential exposure" was reasonable "given the stage of the proceedings and the defenses asserted in this action.").

In contrast to the uncertainty and delays attendant to continued litigation, this

---

[9] These risks are spelled out in the currently pending briefing (Dkt. 157, 186-1, 213)), and they include attack on Plaintiff's expert witnesses (Dkt. 186-1 at 36-40), as well as purported attacks on Plaintiff's claims, and the assertion that the bulk of the class did not suffer injury since Alaska already gave approximately $165 million in the form of advance payments to Settlement Class Members to address the challenges of delayed Medicaid reimbursements resulting from the rollout of Health Enterprise (*id.* at 32-33).

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 19 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 25 of 43

Settlement "provides a significant, easy-to-obtain benefit to class members" in the form of a timely cash payment. *In re Haier Freezer Consumer Litig.*, 2013 WL 2237890, at *5 (N.D. Cal. May 21, 2013); *see also In re Linkedin User Privacy Litig.,* 309 F.R.D. 573, 587 (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation."). All items considered, the Parties' Settlement falls within the range of reasonableness considering the risks and should be preliminarily approved.[10]

### b.     The Proposed Distribution Plan Is Simple and Expedient

Turning to the next area of inquiry, "the goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." Rubenstein, 4 NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.). The distribution plan here meets this criterion. All that is required of any Settlement Class Member is that they simply confirm on their Claim Form under oath that they are a Settlement Class Member that "did not receive timely reimbursement(s), resulting in economic harm to the Claimant, including loss of the time use of money and/or consequential damages related to time and costs spent by the Claimant to follow up on the reimbursement(s)." Exhibit A to S.A. (Claim Form). This is straightforward, and no

---

[10] *See also Dawson v. Hitco Carbon Composites, Inc.*, 2019 WL 7842550, at *4 (C.D. Cal. Nov. 25, 2019) ("The Court also recognized that Class Members faced significant risk of no recovery and ongoing litigation expenses if forced to proceed with litigation."); *EK Vathana v. Everbank*, 2016 WL 3951334, at *2 (N.D. Cal. July 20, 2016) ("All in all, the risk at trial would have been great, and while the total recovery for some plaintiffs may seem modest, it is far better than $0 that might have resulted.").

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 20 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 26 of 43

complicated proof or calculation by the Settlement Class Member is required. Moreover, confirming membership in a Settlement Class and confirming injury are proper reasons to require a claim form. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 814 (E.D. Wis. 2009); *In re Lidoderm Antitrust Litig.*, 2017 WL 679367, at *25 (N.D. Cal. Feb. 21, 2017) ("[C]laims forms and other tools can be used to allow defendants to test a class member's purported entitlement to damages and to apportion damages appropriately between class members.").

As explained in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*: "[t]he requirement that class members download a claim form or request in writing a claim form, complete the form, and mail it back to the settlement administrator is not onerous. Additionally, in lieu of a written claim, class members are given what the Court considers the even less onerous option of submitting an online claim." 2013 WL 3224585, at *18 (C.D. Cal. June 17, 2013). Here, the requirement is even less onerous than those two options, since the Claim Form will be directly mailed and emailed (when an email address is available). S.A. at ¶ 16(a). Moreover, every Claimant "shall have one opportunity to cure any deficiency associated with their Claim Form." S.A. ¶ 12.

### i. The Award of Attorney Fees

"[T]he Court does not need to determine attorney's fees at the preliminary approval stage, [as] Class Counsel…will fully address the reasonableness of their requested fee award in their forthcoming Motion for Attorneys' Fees, Costs, and Incentive Awards." *Hilsley v. Ocean Spray Cranberries, Inc.*, 2020 WL 520616, at *7 (S.D. Cal. Jan. 31, 2020);

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 21 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 27 of 43

*Reyes v. Experian Info. Sols., Inc.*,, 2020 WL 466638, at *3 (C.D. Cal. Jan. 27, 2020) ("Plaintiff's requested attorney fees will be reviewed further at the final approval stage when Plaintiff's counsel provides more information regarding the hours spent litigating this case."). In that Motion, Plaintiff will present information why it believes the requested fee is appropriate, including all information needed for the Court to be able to judge the fee request. *See Singer v. Becton Dickinson & Co.*, 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) ("The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases.").

### ii.    No Agreement Exists Besides the Settlement Agreement

Finally, there is no "agreement made in connection with the" Settlement proposal that is not part of the public Settlement Agreement and as such Rule 23(e)(2)(C)(iv) is satisfied. All aspects of the Settlement Agreement are entirely public.

### c.    The Proposed Settlement Treats Class Members Equitably Relative To Each Other

"A plan for allocation of a settlement fund is governed by the same legal standards that apply to the approval of a settlement: the plan must be fair, reasonable, and adequate…This means that, to the extent feasible, the plan should provide class members who suffered greater harm and who have stronger claims a larger share of the distributable settlement amount." *Hendricks*, 2015 WL 4498083, at *7; *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8 (N.D. Cal. July 22, 2019) ("Consistent with this

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 22 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 28 of 43

instruction, the Court considers whether the proposal 'improperly grant[s] preferential treatment to class representatives or segments of the class.'") (citation omitted).

The method of allocation to Authorized Claimants here plays no favorites. Further, the distribution plan rationally utilizes a *pro rata* distribution above a minimum distribution amount, with Class Period Reimbursements during the relevant span of time as a stand in for the size of damages. *See* S.A. ¶¶ 1(g); 7. It is rational to assume that those who had greater total Medicaid billing reimbursements during the relevant time period suffered proportionally greater injury and therefore are entitled to larger reimbursements. *See De La Torre v. CashCall, Inc.*, 2017 WL 2670699, at \*9 (N.D. Cal. June 21, 2017) ("Class Members will receive a pro rata share of the Settlement Fund…This compensation is proportionate to the harm Class Members allegedly suffered and does not favor certain Class Members over others."); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5159441, at \*6 (N.D. Cal. Sept. 2, 2015) ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable.") (citation omitted).

Finally, the Settlement authorizes a $25,000 Service Award for Plaintiff as the sole Class Representative. S.A. ¶ 25. "[T]he Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Romero v. Securus Techs., Inc.*, 2020 WL 3250599, at \*6 (S.D. Cal. June 16, 2020) (citation omitted). "To determine whether an incentive award is appropriate, a court should take into account, among other things, 'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 23 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 29 of 43

litigation.'" *Dashiell v. Cty. of Riverside*, 2018 WL 3629915, at \*5 (C.D. Cal. July 19, 2018).

Here, the requested Service Award is wholly appropriate in recognizing the work Plaintiff – a large hospital in Alaska – has contributed to the Litigation (including sitting for multiple depositions and producing over 35,000 documents). *Accord Watson v. Tennant Co.*, 2020 WL 5502318, at \*7 (E.D. Cal. Sept. 11, 2020) (granting final settlement with $25,000 incentive award; "Incentive awards are fairly typical in class action cases…. [and] are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."); *see also De La Torre*, 2017 WL 2670699, at \*9 ("[F]or purposes of preliminary approval, the Court finds [the service awards] to be reasonable. Class Counsel shall establish the reasonableness of the service awards prior to final approval.").

## B. The Court Should Provisionally Certify the Settlement Class

To provisionally certify the Settlement Class, Plaintiff needs to demonstrate that the requirements of FED. R. CIV. P. 23(a) and (b)(3) will likely be satisfied. *See* FED. R. CIV. P. 23(e)(1)(B)(ii); *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 266-67 (D. Alaska 2018) (discussing the Rule 23 class certification requirements). Also, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*,

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 24 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 30 of 43

521 U.S. 591, 620 (1997). Here, pursuant to the Settlement Agreement, the Parties have stipulated to certification of the Settlement Class. S.A. ¶ 2.

### 1. Numerosity

The first requirement for class certification is that "joinder of all members [be] impracticable." FED. R. CIV. P. 23(a)(1). "[C]ourts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).[11] Here the Settlement Class consists of 4,241 members, and therefore, Rule 23(a)(1) is satisfied.

### 2. Commonality

Next Rule 23 requires the presence of common questions of law or fact. FED. R. CIV. P. 23(a)(2). "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016). Even one such common question will suffice. *Id.* The showing needed to meet this test has been described by courts as "'minimal' and 'not high.'" *Olson v. Tesoro Ref. & Mktg. Co.*, 2007 WL 2703053, at *2 (W.D. Wash. Sept. 12, 2007). This test is satisfied where, as here, class members share "some…legal

---

[11] *See also Peterson v. Alaska Commc'ns Sys. Grp., Inc.,* 328 F.R.D. 255, 269 (D. Alaska 2018) ("[C]ourts have held that classes of at least 40 individuals easily satisfy the numerosity requirement."); *Del Valle v. Glob. Exch. Vacation Club*, 320 F.R.D. 50, 55 (C.D. Cal. 2017) ("A proposed class of at least forty members presumptively satisfies the numerosity requirement.").

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 25 of 37
Case 3:15-cv-00177-JMK Document 242 Filed 09/25/20 Page 31 of 43

issues or a common core of facts." *J.L. v. Cissna*, 2019 WL 415579, at *9 (N.D. Cal. Feb. 1, 2019) (citation omitted).

Plaintiff asserts that many central questions, both legal and factual raised by the AUTPCPA and negligence claims will have common answers, including, for example: whether Conduent represented that Health Enterprise was ready to Go-Live when it allegedly was not; whether such representations were unfair or deceptive trade practices; whether Conduent owed a duty of care to Alaska Medicaid billing providers; and, whether it breached its duty. Plaintiff also asserts that these questions can all be answered using common evidence, such as: (a) what Conduent did (or did not do) in developing Health Enterprise; (b) what Conduent knew about the status of Health Enterprise when it decided to Go-Live; (c) what Conduent foresaw would be the repercussions on Alaska Medicaid billing providers in rolling out Health Enterprise; (d) what Conduent represented to the State of Alaska about the readiness of Health Enterprise; (e) what the State of Alaska understood when it agreed to Go-Live; and (f) whether Conduent's actions caused the late payment of claims due to the overall dysfunctionality of Health Enterprise. Common evidence would resolve these questions that are "central to the validity of each one of the claims in one stroke." *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 536661, at *6 (N.D. Cal. Feb. 11, 2019). For these reasons, commonality is satisfied here.

### 3. Typicality

The third Requirement of Rule 23(a) is that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." FED. R. CIV. P.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 26 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 32 of 43

23(a)(3). The requirements of typicality are "permissive." *Just Film, Inc. v. Buono,* 847 F.3d 1108, 1116 (9th Cir. 2017). "The test … is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons v. Ryan,* 754 F.3d 657, 685 (9th Cir. 2014) (citation omitted). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members; [but] they need not be substantially identical." *Id.* Here, Plaintiff, like other members of the Settlement Class, suffered late payments and related harms that were caused by Conduent's alleged misconduct in falsely representing the readiness of Health Enterprises, failing to use reasonable care in developing Health Enterprise, and knowingly implementing Go-Live prematurely. Whether some non-core facts might diverge is irrelevant. *See Torres,* 835 F.3d at 1142 ("Differing factual scenarios resulting in a claim of the same nature as other class members does not defeat typicality."). For these reasons, the typicality requirement here is met.

### 4. Adequacy

The final Rule 23(a) requirement is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "Resolution of two questions determines legal adequacy: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). Here, Plaintiff and the Settlement Class Members share the same common alleged negligence claims, and the same alleged

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 27 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 33 of 43

AUTPCPA claims, and similar alleged injuries (harms related to late payments). Thus, there are no indicia of conflict between Plaintiff and the Settlement Class. *Mergens v. Sloan Valve Co.*, 2017 WL 9486153, at *6 (C.D. Cal. Sept. 18, 2017) (adequacy requirement met where the plaintiff had no interests antagonistic to the class).

Adequacy is also demonstrated here by the vigorous effort by Plaintiff and its counsel in this litigation to date. Plaintiff has provided four witnesses for deposition, made document productions totaling over 35,000 documents, responded to all written discovery by Conduent, and has assisted counsel whenever requested. Plaintiff's Counsel Berger Montague PC ("BMPC") and Ehrhardt, Elsner & Cooley ("EE&C") have conducted significant discovery and vigorously prosecuted this litigation for nearly five years. As described above, Class Counsel analyzed voluminous document productions, prepared written discovery, conducted depositions throughout the country, retained and worked with Plaintiff's three experts (including with regard to the expert's inspection of the Health Enterprise database), and engaged in significant motion practice.

Plaintiff requests appointment as the Class Representative, and that Shanon J. Carson and Peter R. Kahana of BMPC be appointed as "Class Counsel" for the Settlement Class. BMPC more than satisfies FED. R. CIV. P. 23(g) as it has done significant work in prosecuting the claims here, has significant experience handling class actions, has significant knowledge of the applicable law, and has devoted significant resources to the litigation. *See* Exhibit 3 (Berger Montague PC biography); *Bisaccia* v. *Revel Systems Inc.*, 2019 WL 861425, at *4 (N.D. Cal. Feb. 22, 2019) (finding plaintiff's counsel adequate

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 28 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 34 of 43

based on their extensive experience with federal class actions and vigorous conduct in the litigation). For these reasons, the adequacy requirement is met.

### 5. Predominance and Superiority

The predominance requirement of Rule 23(b)(3) ensures that "the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Salas v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 1940619, at *6 (C.D. Cal. Mar. 27, 2019). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Torres*, 835 F.3d 1125 at 1134. Predominance is thus found "[w]hen one or more of the central issues in the action are common to the class … even though other important matters will have to be tried separately, such as damages or affirmative defenses peculiar to some individual class members." *Salas*, 2019 WL 1940619, at *6.

"[W]hether 'questions of law or fact common to class members predominate' begins … with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Negligence has four elements: "(1) a duty of care; (2) breach of the duty; (3) causation; and (4) harm." Dkt. 51 at 14.

Key central issues related to the negligence claims are clearly "aggregate enabling" and can be shown satisfied for all Settlement Class Members using the same key common evidence. For instance, establishing a common duty and breach can only be proven using evidence that is unique to Conduent's own knowledge and behavior (and not that of any

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 29 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 35 of 43

Settlement Class Member) to satisfy the *D.S.W* test. *See* Dkt. 51 at p. 14-15. Among other things, proof of an alleged duty would entail evidence of the high foreseeability known to Conduent "that a failure of Health Enterprise would prevent Medicaid providers from receiving timely reimbursements, which [in turn] would cause substantial economic harm to those providers, and also have a direct impact and significant consequences to Alaska's Medicaid system and Medicaid patients." *Id.* Proof of Conduent's breach of that duty would entail evidence tied exclusively to whether or not Conduent did not use reasonable care in performing its efforts to ensure that Health Enterprise was capable of fulfilling its main requirement to accurately and timely process claims at, and after, Go-Live.

Likewise, Plaintiff's theory of causation (correct or not) does not focus on specific components of Health Enterprise and attempt to link them to specific late paid claims (and the related injury). Rather, Plaintiff contends that the claims paid late by Health Enterprise were all paid late due to the log-jam of backlogged claims that arose due to the sheer enormity of the system's widespread problems and the time and effort required by Conduent to fix those problems. Plaintiff has argued that the primary question here would be whether Conduent's alleged failure to use reasonable care in its development of Health Enterprise "was important enough in causing the harm that a reasonable person would hold [it] responsible." *See Long v. Arnold*, 386 P.3d 1217, 1222 (Alaska 2016). Plaintiff has also argued that the answer to that question would be proven by using common evidence about: the number and type of Health Enterprise problems that arose at and after Go-Live; when those issues were cured; why they were the responsibility of Conduent; how they prevented the timely processing and payment of claims; and, Conduent's own historic,

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 30 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 36 of 43

statistical information showing the number of backlogged claims and their average length of time to be paid. These issues predominate under Plaintiff's causation theory.

Likewise, the elements of the AUTPCPA claim will also be proven using common evidence. The alleged misrepresentations are those made by Conduent to the State of Alaska that Health Enterprise "was ready to go live when it was not." *See* Dkt. 51 at 16-17. As Plaintiff has alleged that individual providers have an AUTPCPA claim for representations made only to the State, the alleged nature of these representations will not turn in any way on individual provider evidence, but rather common evidence of communications between Conduent and the State of Alaska. Plaintiff contends that the Settlement Class suffered economic harm as a result of the deception, because absent this, Health Enterprise would not have gone live on October 1, 2013 and the late payments (and related injuries) to the Settlement Class would not have occurred. In addition, Plaintiff has argued that proof of just one late payment to a Settlement Class member is affirmative evidence of an actual injury in form of, at minimum, the lost time value of money. For these reasons, predominance under Rule 23(b)(3) is satisfied for purposes of provisionally certifying the Settlement Class.

Turning next to superiority, this requirement assures that a class action is the most efficient and effective means of resolution of the claims. "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Here, absent class certification, the cost and complexity of litigating Conduent's liability would likely be prohibitive for the vast majority, if not all, class

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 31 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 37 of 43

members, as a "sizable majority of Alaska's Medicaid providers are sole proprietorships or extremely small companies." *See* Dkt. 157. As a result, they will never be able to individually recover for injuries related to delayed payments absent class certification. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 486 (C.D. Cal. 2012) ("aggrieved persons may be without any effective redress" absent the class action device). Moreover, even if individual actions were filed, judicial economy will be significantly advanced by certifying a class, because much of the evidence that a plaintiff would offer on liability issues would be repetitious as it is uniform across the board.

Notably here, in the context of a settlement class, manageability is of no concern. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–57 ("manageability is not a concern in certifying a settlement class where, by definition, there will be no trial"). Indeed, the elimination of concerns about manageability strongly supports certification of the Settlement Class which is purposefully defined to include all Medicaid billing providers that submitted a Medicaid claim via or to be processed by Health Enterprise (a clearly objective determination), and then compensate those billing providers who self-identify themselves as having "not receive[d] timely reimbursement(s), resulting in economic harm…including loss of the time use of money and/or consequential damages related to time and costs spent by the Claimant to follow up on the reimbursement(s)." As aptly described by the Honorable Judge Scheindlin, settlement classes are often broader than litigation classes, in part, because these management concerns fall away in the context of

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 32 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 38 of 43

settlement. *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 194-195 (S.D.N.Y. 2005).[12]

### C.     The Notice Plan Satisfies Rule 23 and Due Process

Rule 23(e)(1)(B) mandates that the Court "direct notice in a reasonable manner to all class members who would be bound by the proposal." Under Rule 23(b)(3), the Class must receive "the best notice practicable under the circumstances, including individual notice to all [class] members who can be identified through reasonable efforts" including by U.S. mail, electronic means, or other appropriate means. FED. R. CIV. P. 23(c)(2)(B). The Notice of Settlement here satisfies this requirement. As described above, the Notice will not only be delivered by first-class postage pre-paid U.S. Mail to all Medicaid billing providers (at the addresses listed in the State of Alaska's Medicaid records which are accessible to Conduent), but also by email (to the extent available). This direct notice will include both the full Notice of Settlement and the Claim Form. This is satisfactory. *Walsh v. CorePower Yoga LLC*, 2017 WL 589199, at *12 (N.D. Cal. Feb. 14, 2017) (approved notice plan provided for a combination of mail and email using the most recent contact information available). *See, e.g., In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941, 946 (9th Cir. 2015) (notice was provided via email and U.S. mail). In addition, as part of the Notice Plan a Press Release will be issued, and a Settlement Website and a Toll-Free Number will be maintained. S.A. ¶ 16.

---

[12] Another potential manageability issue class that will fall away in the Settlement Class is Plaintiff's proposed two-phase trial plan (Dkt. 157 at 29), which will no longer be needed.

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 33 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 39 of 43

Consistent with Rule 23(c)(2)(B)(i)-(vii), the proposed Notice of Settlement describes the nature of the action and the claims at issue, the definition of the Settlement Class, the Settlement benefits, Settlement Class Members' rights, including the right to optout or object to the Settlement, the binding effect of a class judgment, the date of the fairness hearing, and other relevant information for the Class Members to make informed decisions with respect to the Settlement. S.A. ¶ 1(t); and Exhibit B to S.A.

The proposed Notice Plan provides the best notice practicable under the circumstances, and the proposed Notice includes all the content required by Rule 23.[13] Accordingly, the Notice Plan should be approved.

## V.     PROPOSED SCHEDULE OF CERTAIN SETTLEMENT EVENTS

Plaintiff requests that the Court schedule a Final Approval Hearing to consider whether the Settlement Agreement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e)(2); *Manual for Complex Litigation, Fourth* § 21.634. Prior to that time, and in line with the timeframes set forth in the proposed Order (Ex. 1, at Exhibit C), Plaintiff will file a Motion asking the Court to: (i) finally approve the Settlement; (ii) certify the Class for settlement purposes; (iii) find that the Notice Plan fully complied with Rule 23 and due process mandates; (iv) authorize the Parties to implement the terms of the Settlement Agreement; and (v) enter a Final Approval Order dismissing the case with prejudice. *See also* S.A. ¶ 27.

---

[13] Consistent with 28 U.S.C. § 1715, Defendant will provide notice to governmental authorities. S.A. ¶ 16(e).

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 34 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 40 of 43

To allow for sufficient time to complete the Notice Plan and afford Settlement Class Members the opportunity to exercise their rights, Plaintiffs respectfully request that the Court set the final hearing for a date at least 120 days after the date of entry of the Preliminary Approval Order.

## VI.   <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant Plaintiff's Motion and enter the Parties' proposed Preliminary Approval Order.

Dated:  September 25, 2020                     Respectfully submitted,


                                                  /s/  *Shanon J. Carson*
                                               Shanon J. Carson (*pro hac vice*)
                                               Peter R. Kahana (*pro hac vice*)
                                               Lane L. Vines (*pro hac vice*)
                                               Yechiel M. Twersky (*pro hac vice*)
                                               BERGER MONTAGUE PC
                                               1818 Market Street, Suite 3600
                                               Philadelphia, PA  19103
                                               Tel.: (215) 875-3000
                                               Fax: (215) 875-4604
                                               scarson@bm.net
                                               pkahana@bm.net
                                               lvines@bm.net
                                               mitwersky@bm.net
                                                 --and--
                                               Peter R. Ehrhardt (AK Bar No. 8006016)
                                               EHRHARDT, ELSER & COOLEY
                                               215 Fidalgo Avenue, Suite 201
                                               Kenai, AK  99611
                                               Tel.: (907) 283-2876
                                               Fax: (907) 283-2896
                                               peter@907legal.com

                                               *Attorneys for Plaintiff and the Proposed Settlement Class*

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC,* No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 35 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 41 of 43

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Conduent prior to filing this Motion. Conduent does not oppose Plaintiff's requested relief seeking preliminary approval of class settlement pursuant to the parties' Settlement Agreement, but notes that it continues to dispute Plaintiff's allegations.

　/s/　*Shanon J. Carson*
Shanon J. Carson

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 36 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 42 of 43

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of records.

_/s/ Shanon J. Carson_
Shanon J. Carson

*South Peninsula Hospital, et al. v. Xerox State Healthcare LLC*, No. 3:15-cv-00177-TMB
**Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement** – Page 37 of 37
Case 3:15-cv-00177-JMK   Document 242   Filed 09/25/20   Page 43 of 43