# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| SOUTH PENINSULA HOSPITAL, *et al.*, on behalf of themselves and others similarly situated, | : : : | Case No. 3:15-cv-00177-JMK |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| XEROX STATE HEALTHCARE, LLC, n/k/a CONDUENT STATE HEALTHCARE, LLC, | : : : | |
| | : | |
| Defendant. | : | |

## SETTLEMENT AGREEMENT

Plaintiff South Peninsula Hospital ("**Plaintiff**") and Defendant Xerox State Healthcare, LLC, n/k/a Conduent State Healthcare, LLC ("**Defendant**") (together, the "**Parties**"), stipulate and agree, pursuant to the terms and conditions of this Settlement Agreement (the "**Settlement Agreement**," "**Settlement**," or "**Agreement**"), to settle, dismiss, and compromise the claims asserted by Plaintiff, both individually and acting as class representative for others similarly situated, against Defendant in the above-captioned lawsuit.

WHEREAS, Plaintiff and the Settlement Class (defined below) allege claims against Defendant for violation of the Alaska Unfair Trade Practice and Consumer Protection Act, Alaska Stat. § 45.50.471, and for negligence and/or reckless indifference, asserting that Defendant failed to use reasonable care in its design, development, and

implementation of the State of Alaska's Medicaid Management Information System ("**Health Enterprise**"), that was implemented on October 1, 2013;

WHEREAS, Plaintiff and Class Counsel conducted a thorough investigation of the facts and law relating to the matters alleged in the lawsuit, and without conceding that any of their claims lack merit, have concluded that it is in the best interests of the Settlement Class to settle the litigation on the terms set forth herein, and that the settlement terms set forth in this Agreement are fair, reasonable, adequate, and in the best interests of Plaintiff and the Settlement Class;

WHEREAS, without conceding any wrongdoing whatsoever or any lack of merit in its defenses, Defendant considers it desirable to enter into this Agreement to avoid further expense and to dispose of burdensome and protracted litigation;

WHEREAS, the Parties engaged in extensive, difficult, complex, and arm's-length negotiations regarding this Settlement over an extended period of time, and the Settlement was finally achieved only after a full-day mediation session overseen by Hon. Theodore H. Katz (Ret.) of JAMS, a former United States Magistrate Judge for the Southern District of New York, followed by additional telephonic conferences, and ultimately a "mediator's proposal" that was submitted to and ultimately accepted by the Parties, and which reflected an agreement as to certain material terms of this Settlement as set forth herein;

WHEREAS, the Parties agree that this Settlement Agreement shall not be deemed or construed to be an admission, concession, or evidence of any violation of any federal or state statute, regulation, rule, or other law, or principle of common law or equity, or of any liability or wrongdoing by Defendant;

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 2 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 3 of 52

WHEREAS, the Parties desire and intend by this Agreement to settle finally and completely, and effectuate a final resolution of the claims asserted, or that could have been asserted, by Plaintiff and the Settlement Class Members, and to provide for a complete, full, and final release of those claims in favor of Defendant and the Released Parties as set forth below;

NOW, THEREFORE, it is agreed and stipulated by the Parties, and intending to be legally bound, that the claims asserted in this litigation shall be settled, compromised, and released, and dismissed on their merits with prejudice, according to the terms and conditions set forth herein.

## A.    <u>DEFINITIONS</u>

1.    As used herein, the following terms have the meanings set forth below.

a.    The term "**Authorized Claimant**" means a Settlement Class Member who does not request exclusion from the Settlement by timely opting out, and who submits a valid and timely Claim Form to the Settlement Administrator in accordance with the requirements set forth in this Agreement, and that is approved by the Settlement Administrator.

b.    The term "**Claim**" means a claim made by a Claimant via the submission of a Claim Form to the Settlement Administrator.

c.    The term "**Claimant**" means a Settlement Class Member who submits a Claim Form seeking a payment under this Settlement Agreement.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 3 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 4 of 52

d.     The term "**Claim Form**" means the form approved by the Court for use by Claimants to submit a Claim pursuant to this Settlement Agreement, substantially in the form of **Exhibit A** hereto.

e.     The term "**Claim Period**" means the time period from the Notice Date to the date two weeks before the Final Approval Hearing, though the Parties agree that late Claims that are otherwise valid will be accepted by the Parties so long as they do not delay the Settlement Administrator's final calculation of payments under this Agreement.

f.     The term "**Class Counsel**" means all attorneys of record for Plaintiff South Peninsula Hospital in the litigation.

g.     The term "**Class Period Reimbursements**" means the total Medicaid billing reimbursements received by a Settlement Class Member for claims submitted via or to be processed by Health Enterprise during the period from October 1, 2013 through December 31, 2016, including claims arising on or before December 31, 2016, if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

h.     The term "**Co-Lead Class Counsel**" means Shanon J. Carson and Peter R. Kahana of Berger Montague PC.

i.     The term "**Counsel for Defendant**" means Steven G. Schortgen and Jennifer Klein Ayers of Sheppard, Mullin, Richter & Hampton LLP, and Jennifer M. Coughlin of Landye Bennett Blumstein LLP.

j.     The term "**Court**" means the United States District Court for the District of Alaska.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 4 of 27

k.     The term "**Defendant**" means Xerox State Healthcare, LLC n/k/a Conduent State Healthcare, LLC.

l.     The term "**Effective Date**" means: (a) the expiration date of the time for filing notice of any appeal from the Final Approval Order by the Court if no appeal is filed; or (b) if an appeal is filed, the latest of (i) the date of final affirmance of that Final Approval Order, (ii) the expiration of the time for a petition for writ of certiorari to review the Final Approval Order if affirmed, the denial of certiorari, or, if certiorari is granted, the date of final affirmance of the Final Approval Order following review pursuant to that grant, or (iii) the date of final dismissal of any appeal from the Final Approval Order or the final dismissal of any proceeding on certiorari to review the Final Approval Order that has the effect of confirming the Final Approval Order.

m.     The term "**Final Approval Hearing**" means the hearing conducted by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to determine whether to grant final approval of this Settlement and to determine the fairness, adequacy, and reasonableness of this Settlement.

n.     The term "**Final Approval Order**" means the Final Approval Order and Judgment of the Court approving the Settlement and entering judgment with prejudice.

o.     The term "**Litigation**" means *South Peninsula Hospital v. Xerox State Healthcare, LLC, n/k/a Conduent State Healthcare, LLC*, No. 3:15-cv-00177-JMK (D. Alaska).

p.     The term "**Litigation Expenses**" means the out-of-pocket costs and litigation expenses incurred or disbursed by Class Counsel in or for the Litigation for which

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 5 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 6 of 52

Class Counsel intends to apply to the Court for reimbursement out of the Settlement Fund, which amount shall not exceed $1,100,000 in the aggregate.

q.      The term "**Net Settlement Fund**" means the Settlement Fund less:  (i) any attorneys' fees and Litigation Expenses approved by the Court; (ii) any Service Award approved by the Court; and (iii) any Notice and Administration Costs.

r.      The term "**Notice and Administration Costs**" means the reasonable fees and costs of the Settlement Administrator for providing notice and administration services regarding the Settlement, administering the Claim process, distributing the Settlement Fund, and performing all other settlement administration duties as set forth in this Agreement or ordered by the Court.

s.      The term "**Notice Date**" means the date on which the Settlement Administrator has implemented the Notice Plan approved by the Court in its Preliminary Approval Order and shall not be later than 30 days after the entry of the Court's Preliminary Approval Order.

t.      The term "**Notice of Settlement**" means the Notice of Class Action Settlement substantially in the form of **Exhibit B** attached hereto, subject to the approval of the Court in its Preliminary Approval Order.

u.      The term "**Notice Plan**" means the notice procedures set forth in Paragraph 16 below.

v.      The term "**Objection and Opt-Out Deadline**" means the date sixty (60) days after the Notice Date.

w.      The term "**Parties**" means Plaintiff and Defendant.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 6 of 27

x.	The term "**Person**" or "**Persons**" means any individual or entity.

y.	The term "**Plaintiff**" means South Peninsula Hospital.

z.	The term "**Plan of Allocation**" means the proposed plan for allocating the Net Settlement Fund to Authorized Claimants as set forth in Paragraph 6 below.

aa.	The term "**Preliminary Approval Date**" means the date on which the Court enters the Preliminary Approval Order.

bb.	The term "**Preliminary Approval Order**" means the Order of the Court preliminarily approving the Settlement. The Parties' proposed Preliminary Approval Order which shall accompanying Plaintiff's Motion for Preliminary Approval of Class Action Settlement, is set forth as **Exhibit C** hereto.

cc.	The term "**Service Award**" means an award of up to twenty-five thousand dollars ($25,000) to Plaintiff for its time, expenses, and services on behalf of the Settlement Class, subject to the approval of the Court.

dd.	The term "**Settlement Administrator**" means Angeion Group, which shall administer the notice and claims process pursuant to this Settlement, and which firm is independent of Plaintiff, Class Counsel, Defendant, and Counsel for Defendant.

ee.	The term "**Settlement Class**" means all Alaska Medicaid authorized billing providers that submitted a Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 7 of 27

ff.     The term "**Settlement Class Member**" means a member of the Settlement Class who does not request exclusion from the Settlement Class pursuant to paragraph 21.

gg.     The term "**Settlement Fund**" means the total amount of Six Million and Seven Hundred Fifty Thousand Dollars ($6,750,000), to be maintained in an escrow account by the Settlement Administrator, plus any interest earned thereon.

hh.     The term "**Settlement Payment**" means a settlement payment issued to an Authorized Claimant by the Settlement Administrator.

ii.     The term "**Settlement Website**" means the Settlement Website to be established by the Settlement Administrator.

## B.     CERTIFICATION OF THE SETTLEMENT CLASS; PRELIMINARY APPROVAL OF THE SETTLEMENT

2.     **Stipulation to Settlement Class**. The Parties stipulate and agree for purposes of this Agreement only that all prerequisites for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met. This paragraph shall have no effect on any other matter apart from this Litigation. If the Court does not either preliminarily or finally approve this Settlement Agreement, this stipulation shall be void and Defendant may assert all available defenses in this or any other litigation/proceeding, including under FED. R. CIV. P. 23.

3.     **Preliminary Approval**. By September 18, 2020, Class Counsel shall file a Motion for Preliminary Approval of Class Action Settlement requesting entry by the Court of the Preliminary Approval Order attached as **Exhibit C**. Following the entry of the

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 8 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 9 of 52

Preliminary Approval Order, the Notice Plan shall be effectuated by the Settlement Administrator in the manner approved by the Court, and the Parties shall use reasonable and good faith efforts to effectuate the Court's final approval of the Settlement Agreement, including by filing the necessary motion papers and appearing at any hearings set by the Court.

## C.   THE SETTLEMENT FUND

4.     Defendant shall wire the Settlement Fund into an escrow account established by the Settlement Administrator within five (5) business days after the Court's entry of the Final Approval Order. Except as otherwise set forth herein, Defendant's payment of the Settlement Fund is a non-reversionary payment for the benefit of the Settlement Class under the terms set forth in this Agreement. Under no circumstances shall Defendant's liability under the Settlement exceed the Settlement Fund.

5.     The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Internal Revenue Code § 468B, as amended, and all rules and regulations thereunder, including U.S. Treas. Reg. §§ 1.468B-1 to 1.468B-5, 26 C.F.R. §§ 1.468B-1 to 1.468B-5. The Settlement Administrator, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Settlement Administrator shall also be solely responsible for causing payment to be made from the Settlement Fund for any taxes owed with respect to the Settlement Fund. The Settlement Administrator, as administrator of the

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 9 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 10 of 52

Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

6.     The Settlement Fund shall be used to pay subject to the Court's approval: (i) any attorneys' fees and Litigation Expenses to Class Counsel; (ii) any Service Award; and (iii) any Notice and Administration Costs. The balance remaining in the Settlement Fund, *i.e.*, the "Net Settlement Fund," shall be distributed to Authorized Claimants as provided below. Defendant will pay any Notice and Administration Costs that are invoiced prior to the establishment of the Settlement Fund, if any and in an amount not to exceed $25,000 (twenty thousand dollars), and may deduct any such amounts paid from the amount of the Settlement Fund when it is fully funded.

7.     Subject to paragraph 4 above, distribution of the Net Settlement Fund shall be distributed to Authorized Claimants pursuant to the following Plan of Allocation: all Authorized Claimants shall receive a *pro rata* payment from the Net Settlement Fund in proportion to the total amount of their respective Class Period Reimbursements as compared with the other Authorized Claimants; however, Authorized Claimants shall not receive less than $300.

8.     Within two weeks of signing this Settlement Agreement, Defendant shall provide the Settlement Administrator with the following data for each Settlement Class

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 10 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 11 of 52

Member: the name, mailing address, email address, telephone number, and tax ID number, the status of the Settlement Class Member as a current billing provider (or not), and the total amount of each Settlement Class Member's Class Period Reimbursements (the "Class List").

9. All checks issued by the Settlement Administrator to any Authorized Claimants shall remain valid for 180 days. Any check sent to an Authorized Claimant that is not cashed within 180 days shall be void. The Settlement Administrator may send check-cashing reminders by mail and/or email and/or may call Authorized Claimants who were sent but who have not yet cashed their check, to remind them to cash their checks, and may issue replacement checks if an Authorized Claimant provides reasonable proof of a lost or misplaced check.

10. If a *de minimus* portion of the Settlement Fund remains following distribution to Authorized Claimants pursuant to this Agreement, then such remaining funds shall be distributed by the Settlement Administrator to United Way of Anchorage, Alaska as a *cy pres* recipient, subject to the approval of the Court in its Final Approval Order. If the amount remaining is of such an amount that in the discretion of Co-Lead Class Counsel it should be redistributed to the Authorized Claimants who cashed their settlement checks, then Co-Lead Class Counsel may petition the Court for an Order to do so.

## D. SETTLEMENT ADMINISTRATION AND NOTICE PLAN

11. **Settlement Class Membership.** Membership in the Settlement Class, Class Period Reimbursements, and eligibility to participate in the Settlement shall be

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 11 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 12 of 52

conclusively determined by the Settlement Administrator using records retrieved from the State of Alaska's Health Enterprise System.

12. **Claim Procedure**. Settlement Class Members who wish to submit a Claim must complete, sign (by hard copy or electronic signature), and submit a Claim Form to the Settlement Administrator within the Claim Period. Any Claim Form that is incomplete or unsigned is deficient and shall be responded to by the Settlement Administrator using a deficiency letter or email. A Claimant shall have one opportunity to cure any deficiency associated with their Claim Form. The Settlement Administrator shall receive, process, and make determinations regarding all Claim Forms as promptly as possible.

13. **No Liability for Claims Administered Pursuant to Agreement**. No Person shall have any claim against Defendant (or Defendant's parents, subsidiaries, affiliates, officers, directors, employees or agents), Counsel for Defendant, Plaintiff, Class Counsel, Co-Lead Class Counsel, the Released Parties, and/or the Settlement Administrator based on any determinations, distributions, actions taken, or awards made, with respect to this Settlement, so long as each of these individuals and entities act in accordance with the Settlement Agreement, the Preliminary Approval Order, and Final Approval Order.

14. **Settlement Administrator Duties to Protect Personal Information**. The Settlement Administrator shall:

      a.     Use personal information acquired as the result of this Agreement solely for purposes of administering the Settlement;

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 12 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 13 of 52

b. Take security countermeasures to prevent unauthorized access to personal information and the loss, destruction, falsification, and leakage of personal information;

c. If outsourcing the handling of personal or confidential information, ensure that outsourced companies take steps to ensure the appropriate management of the information to prevent leaks of it, and prohibit its reuse for other purposes;

d. Respond immediately with appropriate measures when necessary to disclose, correct, stop using, or expunge information;

e. Within ninety (90) days after the completion of the check-cashing period following the Claim Period, destroy all personal information obtained in connection with this Settlement in a manner most likely to guarantee that such information not be obtained by unauthorized Persons.

15. **Settlement Administrator Accounting**. The Settlement Administrator shall maintain a complete and accurate accounting of its receipts, expenses, costs, and payments made pursuant to this Agreement which shall be made available on reasonable notice at any time to Counsel for Defendant and Co-Lead Class Counsel.

16. **Notice Plan**. The Notice Plan shall be set forth in the Court's Preliminary Approval Order. The Notice Plan shall be effectuated by the Settlement Administrator except as detailed below, and proceed as follows:

a. **Direct Notice**. For all Settlement Class Members, the Notice of Settlement and Claim Form shall be disseminated by first-class postage pre-paid U.S. Mail and email (to the extent an email address is available). Defendant will cooperate in good

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 13 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 14 of 52

faith with reasonable requests for information made by the Settlement Administrator in performing its duties under this sub-paragraph.

      b.     **Settlement Website**. On or before the Notice Date, but after the Preliminary Approval Date, the Settlement Administrator shall implement the Settlement Website, which shall be an Internet website concerning the Settlement utilizing a domain name agreed by the Parties. The Settlement Website shall be maintained by the Settlement Administrator until sixty (60) days after the end of the check-cashing period. The domain name of the Settlement Website shall be included in the Notice of Settlement and Claim Form. The Settlement Website shall provide, at a minimum: (a) information concerning all relevant deadlines and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; (b) the toll-free phone number applicable to the Settlement; (c) copies of the Settlement Agreement, the Notice of Settlement, the Claim Form, Court Orders regarding this Settlement, and other relevant Court documents, including Class Counsel's Motion for Attorneys' Fees and Expenses; (d) information concerning the submission of Claim Forms, including the ability to submit Claim Forms electronically on the Settlement Website; and (e) a Frequently Asked Questions page regarding the Settlement with content approved by the Parties.

      c.     **Toll-Free Number for Settlement Administrator**. On or before the Notice Date, but after the Preliminary Approval Date, the Settlement Administrator also shall implement a toll-free telephone number that will provide Settlement Class Members with information regarding the Settlement and direct them to the Settlement Website.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 14 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 15 of 52

d.    **Press Release.** On the Notice Date, the Settlement Administrator shall issue a joint press release regarding the Settlement via *PR Newswire* in a form approved by the Parties.

e.    **CAFA Notice**. Defendant shall give notice of the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), by mailing the CAFA notice within ten (10) days of the filing of the Motion for Preliminary Approval of Class Action Settlement, and shall provide Class Counsel with a copy of all such notices.

17.    **Proof of Compliance with Notice Plan**. The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Defendant with a declaration detailing its compliance with the Notice Plan, to be filed as an exhibit to Plaintiff's Motion for Final Approval of Class Action Settlement.

18.    **Requests for Notice and Claim Forms**. The Settlement Administrator shall provide through mail and/or email the Notice of Settlement and Claim Form to any Person requesting such documents during the Claim Period.

19.    **Settlement Administrator Database**. The Settlement Administrator shall maintain and preserve records of all of its activities, including logs of all telephone calls, emails, mailings, visits to the Settlement Website, and all other contacts with actual and potential Settlement Class Members, in a computerized database with readily retrievable records. The database shall also include a running tally of the number of and types of materials mailed or disseminated by the Settlement Administrator. The Settlement Administrator shall provide Class Counsel and Counsel for Defendant with weekly written reports, beginning on the Notice Date and continuing until the end of the check-cashing

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 15 of 27

period, summarizing all statistics and actions taken by the Settlement Administrator in connection with administering the Settlement, in a format acceptable to the Parties.

F.  **OPT-OUTS AND OBJECTIONS**

20.     The Settlement Administrator shall promptly scan and send electronic copies of all objections and requests for exclusion to Class Counsel and Defendant's Counsel as they are received. As part of the motion papers in support of final approval of the Settlement, Class Counsel will file a list identifying all persons who have requested exclusion from the Settlement, and shall include all pending objections as an attachment to the motion.

21.     **Requests for Exclusion**.

a.     A Settlement Class Member may submit a request for exclusion from (*i.e.*, they may "opt-out" of) the Settlement pursuant to Rule 23(c)(2)(B)(v) of the Federal Rules of Civil Procedure. A Settlement Class Member who submits a request for exclusion cannot object to the Settlement and cannot receive a payment under the Settlement.

b.     To validly request exclusion from the Settlement Class, a member of the Settlement Class must mail the Settlement Administrator a written request to opt out, postmarked by the Objection and Opt-Out Deadline and stating, "I wish to exclude myself from the Settlement Class in the Xerox Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class Member's printed name, address, telephone number, and email address. The request for exclusion must contain the actual written signature of the Settlement Class Member seeking exclusion. Requests for exclusion cannot be made on a group or class basis.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 16 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 17 of 52

c.     Any Settlement Class Member who does not submit a valid and timely written request for exclusion as provided herein shall be bound by all subsequent proceedings, orders, and judgments in this Litigation.

d.     A member of the Settlement Class who opts out can, on or before the date that the Motion for Final Approval of Class Action Settlement is due, withdraw their request for exclusion by submitting a written or emailed request to the Settlement Administrator stating their desire to revoke their request for exclusion and containing their actual written signature or electronic signature.

e.     Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

f.     No later than one week after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Class Counsel and Defendant a complete list of opt-outs, together with copies of the opt-out requests and any other related information.

22.     **Objections**. Any Settlement Class Member who does not submit a written request for exclusion may submit a written objection to the Settlement explaining why he or she believes that the Settlement should not be approved by the Court as fair, reasonable, and adequate.

a.     A Settlement Class Member who wishes to object must mail the Settlement Administrator a detailed written statement, postmarked by the Objection and Opt-Out Deadline, stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, and

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 17 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 18 of 52

including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

b.      That written statement shall clearly identify the case name and number, and contain (i) the Settlement Class Member's printed name, address, telephone number, and email address; (ii) evidence showing that the objector is a Settlement Class Member; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

c.      A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented, the objector must individually sign the objection and all attorneys who are involved in any way in asserting the objection must be listed on the objection.

d.      Any objector who files and serves a valid and timely written objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her objection; provided, however, that any objector or attorney for an objector who intends to make an appearance at the Final Approval Hearing must in the objection state their intention to appear.

e.      Any Settlement Class Member who does not comply with the foregoing provisions shall waive and forfeit any and all rights that he, she, or it may have

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 18 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 19 of 52

to object to the Settlement, and shall be bound by all terms of this Settlement Agreement and by all proceedings, orders and judgments in the Litigation, including but not limited to the Release and the Final Approval Order.

f.      A Settlement Class Member who objects can withdraw their objection before commencement of the Final Approval Hearing by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their objection.

## G.    <u>RELEASE OF CLAIMS</u>

23.     **Release of Defendant.** Upon the Effective Date, Plaintiff and all Settlement Class Members, on behalf of themselves and their agents, heirs, executors, administrators, successors, assigns, insurers, attorneys, representatives, and any and all Persons who made claims for Class Period Reimbursements through the foregoing (the "Releasing Parties"), release and forever discharge, upon good and sufficient consideration, Defendant, its parents, subsidiaries, affiliates, predecessors, successors, assigns and present and former officers, directors, shareholders, employees, agents, attorneys, and representatives (collectively, the "Released Parties"), from all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, that actually were, or could have been asserted in the Litigation concerning or relating in any way to Medicaid claims submitted via or to be processed by Health Enterprise for reimbursement by the State of Alaska during the time period from October 1, 2013 through December 31, 2016, whether known or unknown, including, without limitation, all past and present claims, damages, or liability on any legal or

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 19 of 27

equitable ground whatsoever ("Released Claims"). The Released Claims include claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016. The Released Claims do not include a release for Defendant related to the reduced, denied, or recouped payment of Medicaid reimbursement claims that were, are or may in the future be subject to the State of Alaska's Medicaid administrative appeals process.

**H. ATTORNEYS' FEES, LITIGATION EXPENSES AND SERVICE AWARDS**

24. **Attorneys' Fees and Litigation Expenses**. On the date thirty (30) days before the Objection and Opt-Out Deadline, Class Counsel will file a Motion for Attorneys' Fees and Litigation Expenses and may seek an award from the Settlement Fund of attorneys' fees of up to one-third of the Settlement Fund ($2,250,000) plus reimbursement of their Litigation Expenses not to exceed $1.1 million. Defendant agrees not to oppose Class Counsel's Motion for Fees and Litigation Expenses so long as it is consistent with this paragraph.

25. **Plaintiff's Service Award.** In recognition of the time and efforts that it dedicated to this Litigation, and its service to the Settlement Class, Plaintiff may apply to the Court for a Service Award in an amount up to $25,000. Defendant agrees that it will not oppose an application that does not exceed that amount, in addition to any other benefits to which Plaintiff is entitled by virtue of its status as a Settlement Class Member.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 20 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 21 of 52

26. **Timing of Payment**. Any award of attorneys' fees, Litigation Expenses, and Service Award by the Court shall be paid by the Settlement Administrator to Co-Lead Class Counsel within three (3) business days after the Effective Date.

## I. FINAL APPROVAL

27. **Motion for Final Approval of Class Action Settlement**. Pursuant to the schedule set by the Court in its Preliminary Approval Order and at least twenty-one (21) days before the Final Approval Hearing, Class Counsel shall file a motion and supporting papers requesting that the Court grant final approval of this Settlement Agreement and for entry of a Final Approval Order agreed to by the Parties:

        a.    Certifying the Settlement Class for settlement purposes only;

        b.    Finally approving the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23;

        c.    Finding that the Notice Plan complied with the Due Process Clause, and was fair, adequate, and sufficient, as the best practicable notice under the circumstances, and reasonably calculated to apprise Settlement Class Members of the Litigation, the Settlement Agreement, their objection rights, and their opt-out rights;

        d.    Dismissing the Litigation with prejudice;

        e.    Listing all opt-outs;

        f.    Finding that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met;

        g.    Authorizing the Parties to implement the terms of the Settlement Agreement;

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 21 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 22 of 52

h.     Permanently enjoining Plaintiff and the Settlement Class from prosecuting the Released Claims against the Released Parties; and

i.     Retaining jurisdiction relating to the administration, implementation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order.

## J.     **OTHER TERMS AND CONDITIONS**

28.     **Opt-Out Provision**.  Defendant may elect, at its sole option, within one week after the Objection and Opt-Out Deadline, whether or not to proceed with the Settlement if any of the following conditions are met: (a) any Settlement Class Member who sought more than $90,000,000 (ninety million) in Class Period Reimbursements files a request for exclusion from the Settlement Class; (b) four or more Settlement Class Members who sought more than $9,000,000 (nine million) in Class Period Reimbursements file a request for exclusion from the Settlement Class; or (c) any Settlement Class Members who submitted more than 20,000 (twenty thousand) claims for Medicaid reimbursement via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016 (including claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016), file timely and valid requests for exclusion from the Settlement Class. In the event that it decides to terminate the Settlement Agreement pursuant to this Paragraph, Defendant shall not be required to pay the Settlement Fund but shall pay the reasonably incurred fees and costs invoiced by the Settlement Administrator up to and through the date of such termination.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK – **SETTLEMENT AGREEMENT** - Page 22 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 23 of 52

29. **No Admission of Liability**. This Agreement is made in compromise of disputed claims and shall not be construed as an admission of liability, fault or violation of law by Defendant.

30. **Settlement Conditioned on Court Approval**. Because this is a class action settlement, this Agreement must receive preliminary and final approval by the Court. If the Effective Date is not reached as a result of the Settlement not obtaining the Court's preliminary or final approval, this Agreement shall be deemed terminated and the Parties shall be restored to their respective positions immediately before execution of this Agreement. In such event, the Parties shall bear their own costs and shall split equally the Settlement Administrator's fees and costs up until the date that the Agreement is terminated (unless Paragraph 28 applies, in which case Defendant shall pay all of the Settlement Administrator's fees and costs).

31. **Defendant's Attorneys' Fees and Costs**. Defendant shall bear its own attorneys' fees and costs in the Litigation.

32. **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. Each Party represents that it understands the terms and consequences of entering into this Agreement and executes it and agrees to be bound by the terms set forth herein knowingly and voluntarily.

33. **Mutual Cooperation**. The Parties agree to cooperate with each other in good faith to accomplish the terms of this Agreement, including the execution of such documents

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 23 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 24 of 52

and such other action as may reasonably be necessary to implement the terms of this Agreement and obtain the Court's final approval of the Agreement.

34.     **Notices**. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing by mail or email and addressed as follows:

To Plaintiff and the Settlement Class:

Shanon J. Carson
Peter R. Kahana
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
scarson@bm.net
pkahana@bm.net

To Defendant:

Steven G. Schortgen
Jennifer Klein Ayers
SHEPPARD, MULLIN, RICHTER &
    HAMPTON LLP
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
sschortgen@sheppardmullin.com
jayers@sheppardmullin.com

35.     **Drafting of Agreement**. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of this Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 24 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 25 of 52

preparation of this Agreement, and this Agreement shall not be construed against any Party because of their role in drafting it.

36. **Governing Law**. This Agreement and the Exhibits hereto will be construed and enforced in accordance with, and governed by, the substantive laws of the State of Alaska, without giving effect to the choice-of-law principles of that or any other state.

37. **Modification**. This Agreement may not be changed, altered, or modified, except in writing and signed by all Parties hereto. The Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

38. **Integration**. This Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or its counsel, are merged herein. Each Party represents and warrants that it is not relying on any representation not expressly included in this Agreement. No rights hereunder may be waived except in writing.

39. **Subheadings**. Subheadings in this Agreement are for the purpose of clarity only and are not intended to modify the terms of this Agreement's text, which are controlling.

40. **Exhibits**. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Agreement and the terms of any exhibit hereto, the terms of this Agreement shall prevail.

41.    **Waiver**. The waiver by any party to this Agreement, of any breach of its terms shall not be deemed or construed to be a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.

42.    **Signatures**. Each Person executing this Agreement on behalf of any Party warrants that such Person has the authority to do so. This Agreement shall be binding upon, and inure to the benefit of, the agents, heirs, executors, administrators, successors, and assigns of the Parties.

43.    **Counterparts**. This Agreement may be executed in any number of counterparts, including by electronic signature, each of which shall be deemed to be an original. All counterparts shall constitute one Agreement, binding on all Parties hereto, regardless of whether all Parties are signatories to the same counterpart, but the Agreement will be without effect until and unless all Parties to this Agreement have executed a counterpart.

**IT IS HEREBY AGREED AND ENTERED INTO BY THE PARTIES (OR THROUGH THEIR RESPECTIVE COUNSEL) ON THE DATES NOTED BELOW.**

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 26 of 27

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 27 of 52

Dated:  September 24, 2020

_____

Sharon J. Carson (*pro hac vice*)
Peter R. Kahana (*pro hac vice*)
Lane L. Vines (*pro hac vice*)
Yechiel M. Twersky (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Tel.: (215) 875-3000
scarson@bm.net
pkahana@bm.net
lvines@bm.net
mitwersky@bm.net

  --and--

Peter R. Ehrhardt (AK Bar No. 8006016)
EHRHARDT, ELSER & COOLEY
215 Fidalgo Avenue, Suite 201
Kenai, AK  99611
Tel.: (907) 283-2876
peter@907legal.com

*Attorneys for Plaintiff South Peninsula
Hospital and the Settlement Class*

CONDUENT STATE HEALTHCARE, LLC

By: _____
Michael Krawitz
*Vice-President & Secretary and Sole Manager
Conduent State Healthcare, LLC.*

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 3:15-cv-00177-JMK
– **SETTLEMENT AGREEMENT** - Page 27 of 27
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 28 of 52

# EXHIBIT A

*For more information regarding the Settlement, visit the Settlement Website, www._____.com.*

## CLAIM FORM

**IMPORTANT:** All Alaska Medicaid billing providers that submitted a Medicaid claim to Alaska Medicaid for Medicaid eligible services rendered during the period from October 1, 2013 to December 31, 2016 are eligible to receive a cash settlement payment as a result of a class action settlement in the above-captioned case. **To receive a cash payment from the Settlement Fund, you must complete and timely submit this Claim Form.**

**INSTRUCTIONS:** To complete this Claim Form, please provide all requested information below, sign the Certification below, and return this Claim Form to the Settlement Administrator: (a) online at the Settlement Website, www._____.com; (b) by email to [email address]; or (c) by First-Class U.S. Mail to the following address: [insert address]. Please keep a copy of your completed Claim Form. **YOU MUST SUBMIT THIS CLAIM FORM BY [DATE] FOR IT TO BE CONSIDERED TIMELY.**

### CLAIMANT INFORMATION

Name of Claimant: _____

Claimant Number: _____

Confirmation Code: _____
The Claimant Number and Confirmation Code are located on the first page of the Notice of Class Action Settlement that you received with this Claim Form.

Mailing Address: _____

Telephone: _____     Email: _____

**Note -- It is _your_ responsibility to let the Settlement Administrator know if your mailing address changes at any time before you receive a Settlement Payment.**

### CERTIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above-listed Claimant is or was an Alaska Medicaid billing provider that submitted at least one Medicaid claim to Alaska Medicaid for services rendered during the period from October 1, 2013 to December 31, 2016, and did not receive timely reimbursement(s), resulting in economic harm to the Claimant, including loss of the time use of money and/or consequential damages related to time and costs spent by the Claimant to follow up on the reimbursement(s).

_____     _____
SIGNATURE                                                                    DATE

_____
PRINT NAME

# **EXHIBIT B**

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

*SOUTH PENINSULA HOSPITAL v. XEROX STATE HEALTHCARE, LLC (N/K/A CONDUENT STATE HEALTHCARE, LLC)*, NO. 3:15-CV-00177-JMK (D. ALASKA)

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

## If You Were an Alaska Medicaid Authorized Billing Provider During The Period From October 1, 2013 To December 31, 2016, Your Rights May Be Affected by a Class Action Settlement

- You may be eligible for a cash payment if you were an Alaska Medicaid authorized billing provider that submitted a Medicaid claim via or to be processed by the State of Alaska's Medicaid Management Information System ("Health Enterprise") during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

- This lawsuit is brought by Plaintiff South Peninsula Hospital alleging that Xerox State Healthcare, LLC, n/k/a Conduent State Healthcare, LLC ("Conduent") failed to properly design, develop, and implement Health Enterprise for rollout on October 1, 2013 (the Health Enterprise "Go-Live" date), and made misrepresentations to the State of Alaska about Health Enterprise's operational readiness in violation of the Alaska Unfair Trade Practices and Consumer Protection Act, A.S. § 45.50.471.

- The lawsuit alleges that because of this conduct, Alaska Medicaid authorized billing providers suffered economic harm. Conduent denies these claims but has agreed to the Settlement.

- Settlement Class Members may submit claims for cash payments. If you are a Settlement Class Member and submit a valid and timely claim, you will recover a minimum of $300 but may recover more based on the plan of allocation described in detail below.

- You can make a claim online at the Settlement Website, www.[insert address].com, or you can submit your claim by email to [insert address] or by U.S. mail to [insert address]. **The deadline to submit a Claim for a cash payment is [insert].**

- The Settlement has been preliminarily approved by the Court. This Notice provides information about the Settlement and your options as a Settlement Class Member. Please read this Notice carefully because it affects your legal rights. A federal court authorized the sending of this Notice to you. This is not a solicitation.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way for you to get a payment from the Settlement for economic harm related to untimely reimbursed Medicaid claims that were submitted via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016 (or after December 31, 2016, for claims that arose on or before December 31, 2016). | [Deadline] |
| **EXCLUDE YOURSELF** | Get no payment. This option allows you to retain any rights you otherwise may have related to this case. If you opt out, you will not be bound by the terms of the Settlement, but you will also not be entitled to submit a claim for benefits from the Settlement. | [Deadline] |
| **COMMENT ON OR OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | You can write to the Court about why you like or do not like the Settlement, and you may also choose to attend with or without your own attorney the Final Approval Hearing on [Hearing Date], at which time the Court will decide whether to grant final approval of the Settlement. | [Deadline] |
| **DO NOTHING** | Get no payment. Give up rights. | No Deadline |

- **Please note that payments will be made only if the Court grants final approval and the Settlement becomes effective.** The date and time of the Final Approval Hearing is subject to modification by the Court, so check www.[insert address].com for updates.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.................................................................................................... 4

WHO IS IN THE SETTLEMENT ...................................................................................... 5

THE SETTLEMENT BENEFITS ........................................................................................ 5

HOW TO GET A PAYMENT—MAKING A CLAIM ...................................................... 7

THE LAWYERS REPRESENTING YOU............................................................................ 7

EXCLUDING YOURSELF FROM THE SETTLEMENT...................................................... 8

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ......................................... 9

THE COURT'S FINAL APPROVAL HEARING ............................................................. 10

IF YOU DO NOTHING ................................................................................................ 10

GETTING MORE INFORMATION.................................................................................. 10

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 33 of 52

## 1. Why did I get this Notice of Proposed Class Action Settlement?

You received this Notice because you are likely a "Settlement Class Member" meaning that you were an Alaska Medicaid authorized billing provider who: submitted a valid Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

You may be eligible to receive a cash payment if you submit a Claim Form to the Settlement Administrator in the manner described below.

The United States District Court for the District of Alaska, the federal court overseeing the Litigation, authorized this Notice to inform you about the Settlement and your options before it decides whether to grant final approval of the Settlement. Further information about the Settlement can be found at www.[insert address].com.

The Plaintiff in this lawsuit is South Peninsula Hospital. The company it sued, Xerox State Healthcare, LLC, n/k/a Conduent State Healthcare, LLC, is the Defendant.

## 2. What is this lawsuit about?

Plaintiff South Peninsula Hospital alleges that Alaska Medicaid authorized billing providers suffered economic harm due to the late reimbursement of Medicaid reimbursable services and costs spent in following up on those late reimbursements, because of the conduct of Conduent in designing, developing, and implementing Health Enterprise as a Medicaid claims processing system on the Go-Live date, and because of Conduent making misrepresentations to the State of Alaska about Health Enterprise's readiness to operate properly, in violation of the Alaska Unfair Trade Practice and Consumer Protection Act, Alaska Stat. § 45.50.471. Conduent vigorously denies Plaintiff's claims in their entirety. Both parties have agreed to this Settlement and the terms of the Settlement are summarized in this Notice. You can read the Settlement Agreement in full at www.[insert address].com.

## 3. What is a class action?

In a class action, the Plaintiff acts as the "class representative" and files a lawsuit individually and on behalf of other people who have similar claims. This group of people is called the "class" and the people in the class are the "class members." One court resolves the contested issues in the lawsuit for all class members, except for people who exclude themselves from the class. In this case, the presiding judge is the Honorable Judge Joshua M. Kindred of the United States District Court for the District of Alaska (the federal court in Anchorage, Alaska).

4

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff South Peninsula Hospital or Conduent. Over nearly five years, the Parties took significant discovery, retained experts, engaged in motion practice, and participated in mediation overseen by an experienced mediator. The Settlement avoids the costs and risks of continued litigation and a trial and provides certain compensation for Settlement Class Members without the delay and uncertainty of trial. Plaintiff South Peninsula Hospital and its counsel believe the Settlement is in the best interests of the Settlement Class Members.

WHO IS IN THE SETTLEMENT

## 5. Who is in the Settlement?

You are a Settlement Class Member if you are an Alaska Medicaid authorized billing provider that actually submitted a Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

Settlement Class Members are eligible for payment by attesting in the attached Claim Form that they are a Settlement Class Member that suffered economic harm related to un-timely Medicaid reimbursements, including loss of the time use of money and/or consequential damages related to time and costs spent to follow up on the late reimbursements.

## 6. What should I do if I am still not sure whether I am included as a Settlement Class Member?

If you received this Notice by direct mail, then Conduent's records indicate that you are a Settlement Class Member. If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at [insert email address] or calling the Settlement Administrator at [XXX-XXX-XXXX] for more information.

THE SETTLEMENT BENEFITS

## 7. What benefits does the Settlement provide?

Under the Settlement, Conduent agreed to create a Settlement Fund of Six Million and Seven Hundred Fifty Thousand Dollars (*$6,750,000*) from which to pay, subject to the Court's approval: (a) any attorneys' fees and expenses to Class Counsel; (b) any service award to the Plaintiff South Peninsula Hospital as the class representative; and (c) any notice and administration costs. The Settlement Fund after deductions for these items is referred to as the Net Settlement Fund which

will be used to make cash payments to Settlement Class Members who submit Claim Forms. To receive a payment, you must submit a Claim Form on or before [insert deadline]. To submit a Claim, you must use the Claim Form provided with this Notice. You can also get a Claim Form at www.[insert address].com.

## 8. Who can get money from the Settlement, and how much?

If you are a Settlement Class Member that attests under oath in a timely and validly submitted Claim Form that you suffered economic harm related to one or more untimely Medicaid reimbursements for claims submitted from October 1, 2013 through and including December 31, 2016 (or after December 31, 2016, for claims that arose on or before December 31, 2016), including loss of the time use of money and consequential damages related to time and costs spent by you to follow up on the untimely reimbursement(s), you will receive cash compensation based on the following formula:

> Authorized Claimants shall receive a *pro rata* payment from the Net Settlement Fund in proportion to the total amount of their respective Class Period Reimbursements as compared with the other Authorized Claimants; however, Authorized Claimants shall not receive less than $300.

Authorized Claimants are Settlement Class Members who do not request exclusion from the Settlement by timely opting out, and who timely submit a valid Claim Form to the Settlement Administrator, and that are approved by the Settlement Administrator.

Class Period Reimbursements are the total Medicaid billing reimbursements received by a Settlement Class Member for claims submitted via or to be processed by Health Enterprise during the period from October 1, 2013 through December 31, 2016, including claims arising on or before December 31, 2016, if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

In short, payments to Authorized Claimants will be made from the Net Settlement Fund *pro rata* (that is, proportionately) based on the total Medicaid billing reimbursements they each received during the relevant time period.

For information on how to submit a claim, please refer to Question 10 below and the Settlement Website, www.[insert address].com.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you exclude yourself from the Settlement (*see* Question 16), you cannot sue, continue to sue, or be part of any other lawsuit against Conduent concerning or relating in any way to Medicaid claims submitted via or to be processed by Health Enterprise for reimbursement by the State of Alaska during the time period from October 1, 2013 through December 31, 2016 (or even after December 31, 2016, for claims that arose on or before December 31, 2016). The "Release of

Claims" section in the Settlement Agreement describes the legal claims that you release if you remain in the Settlement Class. Importantly, the Released Claims do not include a release of Conduent related to any Medicaid claims you submitted that were either reduced, denied, or recouped and that were, are or may in the future be subject to appeal by you pursuant to the State of Alaska's Medicaid administrative appeals process. The Settlement Agreement and the terms of the "Release of Claims" can be found at www.[insert address].com.

### HOW TO GET A PAYMENT—MAKING A CLAIM

| **10. How do I submit a claim and get a cash payment?** |
| --- |

To be eligible to receive a cash payment from this Settlement you must complete and submit a valid and timely Claim. There are three (3) ways to do so. Your Claim Form may be submitted:

(a) online at www.[insert address].com by following the instructions on submitting a Claim;

(b) by email to the Settlement Administrator using the email address [insert email address]; or

(c) by U.S. mail to the Settlement Administrator using the address: [insert address].

You can contact the Settlement Administrator to request a Claim Form by telephone [8XX-XXX-XXXX], email [email address], or U.S. mail at [insert address].

***You are encouraged to complete and submit your Claim as soon as possible if you believe you are entitled to a payment under the Settlement.***

| **11. What is the deadline for submitting a claim?** |
| --- |

Claims must be submitted electronically or postmarked no later than [DATE].

| **12. When will I get my payment?** |
| --- |

The Court will hold a Final Approval Hearing on [DATE], to decide whether to approve the Settlement. Updates about when payments will be made will be posted at www.[insert address].com.

### THE LAWYERS REPRESENTING YOU

| **13. Do I have a lawyer in the case?** |
| --- |

Yes. The Court appointed the attorneys below to represent you and the Settlement Class. These attorneys are called Class Counsel. You will not be charged for their services.

Shanon J. Carson
Peter R. Kahana
Lane L. Vines
Yechiel M. Twersky
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: []Settlement@bm.net

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you. If you want your own lawyer, you may hire one but you are responsible for paying that lawyer.

## 15. How will the lawyers be paid?

Class Counsel, who have not been paid for their services in this Litigation since it began almost five years ago, will seek the Court's approval of up to one-third of the Settlement Fund ($2,250,000) in attorneys' fees and up to $1,100,000 as reimbursement for litigation costs that they have already advanced in pursuing the Litigation, to be paid from the Settlement Fund. The fees will compensate Class Counsel for investigating the facts, prosecuting the Litigation, and negotiating and administering the Settlement. Class Counsel will also ask the Court to approve a service award payment of up to $25,000 for the Class Representative South Peninsula Hospital to be paid from the Settlement Fund.

When Class Counsel's motion for award of attorneys' fees, expenses and service award is filed with the Court, it will be posted on the Settlement Website at www.[insert address].com.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your rights, if any, relating to the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is [DATE]. To opt out, you must mail a letter to the Settlement Administrator at [insert address] that includes the following:

- Your printed name, address, telephone number, and email address;
- A statement that "I wish to exclude myself from the Settlement Class in the Conduent Class Action Settlement" (or substantially similar clear and unambiguous language); and

- Your actual written signature.

If you opt out of the Settlement, you will not have any rights as a Settlement Class Member under the Settlement; you will not receive any payment under the Settlement; you will not be bound by any further orders or judgments in the Litigation; and you will keep the rights, if any, you have with respect to this matter.

COMMENTING ON OR OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I object to the Settlement (or like the Settlement)?

If you are a Settlement Class Member and do not opt out of the Settlement, you can comment on the Settlement or submit an objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement that is before the Court. If the Court denies final approval of the Settlement, there will be no payments and the case will continue. If you want to object to the Settlement, you must do so in writing.

To object, you must timely mail a statement to the Settlement Administrator stating that you object to the Settlement in *South Peninsula Hospital v. Xerox State Healthcare, LLC, n/k/a Conduent State Healthcare, LLC*, No. 3:15-cv-00177-JMK (D. Alaska), and your objection must include:

- Your printed name, address, telephone number, and email address;
- Accompanying evidence demonstrating that you are a Settlement Class Member;
- A detailed statement stating the objection(s) and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, and including any evidence and legal authority in support of the objection(s);
- Any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection;
- A statement of whether you and/or your lawyer intend to appear at the Final Approval Hearing; and
- Your written signature.

To be valid, you must mail your objection by U.S. Mail and it must be postmarked no later than [insert deadline] to [settlement administrator address].

### 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing at [time] on [date], at the James M. Fitzgerald U.S. Courthouse and Federal Building at 222 West 7th Avenue, Courtroom ___, Anchorage, AK 99513. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider Class Counsel's motion for attorneys' fees, expenses, and service award.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Be sure to check the Settlement Website, www.[insert address].com, for any changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.akd.uscourts.gov.

### 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the Final Approval Hearing to talk about it. If you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you will receive no money from this Settlement, and you will give up your legal remedies for the conduct alleged in this case.

### GETTING MORE INFORMATION

### 22. Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement Agreement which you can view at www.[insert address].com or by accessing the docket through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.akd.uscourts.gov, or, subject to COVID-19 closures, by visiting the office of the Clerk of the Court for the United States District Court for District of Alaska, James M. Fitzgerald U.S. Courthouse and Federal Building at 222 West 7th Avenue, Room 229, Box/Suite #4, Anchorage, AK 99513 between 8:00 a.m. and 4:30 p.m., Monday through Friday, excluding court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

## 23. How do I get more information?

The Settlement Website, www.[insert address].com, contains all relevant information about the Settlement, as well as all relevant documents such as the Settlement Agreement and Claim Form. You can also call or write to the Settlement Administrator at [insert address and toll free number]:

You can also request assistance from Class Counsel using the contact information set forth above.

Dated: _____, 2020  By Order of the Court

_____

THE HONORABLE JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

11

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| South Peninsula Hospital, *et al.*, on behalf of themselves and others similarly situated, | : : : : | Case No. 3:15-cv-00177-JMK |
| Plaintiffs, | : : | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| v. | : : | |
| XEROX STATE HEALTHCARE, LLC, n/k/a CONDUENT STATE HEALTHCARE, LLC, | : : : : | |
| Defendant. | : | |

Plaintiff South Peninsula Hospital ("Plaintiff") and Defendant Xerox State Healthcare, LLC (n/k/a Conduent State Healthcare, LLC) ("Conduent") (together, the "Parties"), have participated in arm's-length negotiations and mediation overseen by The Honorable Theodore H. Katz (Ret.) of JAMS, and executed a proposed Settlement Agreement (the "Settlement Agreement" or "Settlement"). Plaintiff has moved for entry of an order granting preliminary settlement approval pursuant to Fed. R. Civ. P. 23(e), and Conduent does not oppose the motion. A copy of the Settlement Agreement has been filed with the Court.

Having reviewed the Settlement Agreement and the submissions in support of preliminary approval of the Settlement, the Court finds for purposes of preliminary settlement approval under Fed. R. Civ. P. 23(e)(1)(B), that Plaintiff has made a sufficient showing that it will "likely be able to" meet all requirements of final approval under Fed.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** - Page 1 of 10

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 43 of 52

R. Civ. P. 23(e)(2) and certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3), and **Orders** as follows:

## I.    CERTIFICATION OF SETTLEMENT CLASS

The Court has considered: (1) the record in this case, including the briefing provided by Plaintiff in support of its motion for entry of this Preliminary Approval Order; (2) the terms of the Settlement Agreement and benefits to be provided to the Settlement Class; and (3) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Litigation continued. Based on those considerations, the Court finds:

A.    Plaintiff has showed in the context of this Settlement that it will "likely be able to" meet all requirements of class certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3). Specifically, the following requirements are likely to be met: (a) the number of Settlement Class Members exceed 4,000 and therefore the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class Members for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting any individual members; and (f) a class action provides a fair and efficient method for settling the controversy under Rule 23.

B.    Because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 2 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 44 of 52

action involving the issues in the Litigation. Likewise, the Court need not consider Conduent's denial of Plaintiff's allegations or its legal arguments.

C.     As such, the Court provisionally certifies the Settlement Class for settlement purposes defined as follows:

> all Alaska Medicaid authorized billing providers that submitted a Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

D.     Plaintiff South Peninsula Hospital is appointed as the Class Representative of the Settlement Class, and Shanon J. Carson and Peter R. Kahana of Berger Montague PC, are appointed as Lead Class Counsel.

## II.     PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.     The Settlement requires Conduent to make a payment of Six Million Seven Hundred and Fifty Thousand Dollars ($6,750,000.00) into an interest-bearing account to be handled as detailed in Paragraphs 4-10 of the Settlement Agreement.

B.     The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through significant discovery and motion practice, and whose settlement negotiations included mediation supervised by the Honorable Theodore H. Katz (Ret.) of JAMS.

C.     The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation,

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 3 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 45 of 52

trial, and/or appeal in this Litigation. The consideration provided to the Settlement Class under the Settlement falls within the range of reasonable recovery when balanced against the risks and delay of continuing the Litigation, and does not grant preferential treatment to Plaintiff, Class Counsel, or any subgroup of the Settlement Class. The plan of allocation is fair and reasonable, and consequently, the Settlement is likely to gain final approval under Fed. R. Civ. P. 23(e)(2).

D.     The Court thus preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of Plaintiff and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

## III.    APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, the Parties have submitted a proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form. Having reviewed these documents, the Court finds as follows:

A.     The Notice of Settlement and Claim Form attached as exhibits to the Settlement Agreement fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement, in particular, through the Settlement Website.com; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK – **PRELIMINARY APPROVAL ORDER** -Page 4 of 10

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 46 of 52

B.      Defendant shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

C.      The Notice of Settlement and Claim Form, and the notice methods described in the Settlement Agreement, satisfy due process, Rule 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

D.      Accordingly, the Court hereby approves the proposed Notice Plan and orders that the proposed Notice of Settlement and Claim Form are approved and shall be provided to the Settlement Class as set forth in the Settlement Agreement.

E.      Angeion Group, LLC is appointed by the Court as the Settlement Administrator, and shall perform all duties ascribed to it under the Settlement Agreement.

## IV.    <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u>

A.      All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement. A member of the Settlement Class who submits a timely and valid request for exclusion cannot object to the Settlement and is not eligible to receive a Settlement Payment.

B.      To request exclusion from the Settlement Class, a Settlement Class Member must submit a written request for exclusion to the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline, which is sixty (60) days after the

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 5 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 47 of 52

Notice Date, stating, "I wish to exclude myself from the Settlement Class in the Conduent Class Action Settlement" (or substantially similar clear and unambiguous language). That written request must also contain the Settlement Class Member's printed name, address, telephone number, and email address. The request for exclusion must contain the actual written signature of the Settlement Class Member seeking exclusion. Requests for exclusion cannot be made on a group or class basis.

C. Any Settlement Class Member who does not submit a valid and timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgment in this Litigation.

D. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

E. Any Settlement Class Member who does not submit a written request for exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator a detailed written statement, postmarked by the Objection and Opt-Out Deadline, which is sixty (60) days after the Notice Date, stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

F. That written statement shall clearly identify the case name and number, and contain (i) the Settlement Class Member's printed name, address, telephone number, and

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 6 of 10

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 48 of 52

email address; (ii) evidence showing that the objector is in fact a Settlement Class Member; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

G. A Settlement Class Member may object on his or her own behalf or through an attorney, however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys involved must be listed on the objection.

H. If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection

I. Any objector who files and serves a valid and timely written objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her objection; provided, however, that any objector or attorney for an objector who intends to make an appearance at the Final Approval Hearing must in the objection state their intention to appear.

J. Any Settlement Class Member who does not comply with these requirements shall waive any and all rights that he, she, or it may have to appear separately and/or to

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 7 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 49 of 52

object to the Settlement, and shall be bound by the terms of the Settlement Agreement and by all proceedings, orders and judgment in the Litigation.

K. A Settlement Class Member who requests exclusion or objects can withdraw their request for exclusion or objection prior to the Final Approval Hearing by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their request for exclusion or objection.

## V. FINAL APPROVAL HEARING

The Court hereby schedules a Final Approval Hearing at _____:_____ ___ on _____, 2020 (which date is approximately 120 days after the Preliminary Approval Date), to determine whether the Settlement should receive final approval. At that time, the Court will also consider Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, which shall be filed thirty (30) days before the Objection and Opt-Out deadline and posted on the Settlement Website. Plaintiff's Motion for Final Approval of Class Action Settlement shall be filed twenty-one (21) days before the Final Approval Hearing. The Final Approval Hearing may be postponed or rescheduled by the Court, but any rescheduled date will be posted on the Settlement Website.

## VI. STAY OF PROCEEDINGS AND DEADLINES

Pending the Final Approval Hearing as scheduled above, the Court hereby stays all proceedings in this case other than those necessary to carry out or enforce the terms of the Settlement Agreement. In accord with the above, the Court sets the following deadlines:

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 8 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 50 of 52

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice and Claim Form to Settlement Class Members | No later than 30 days after entry of Preliminary Approval Order |
| Deadline for Settlement Class Members to file Claim Forms | 14 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to opt-out or object to the settlement | 60 days after the Notice and Claim Form is disseminated by the Settlement Administrator |
| Deadline for Plaintiff to file a Motion for Attorneys' Fees and Expenses | 30 days after the Notice and Claim Form is disseminated by the Settlement Administrator |
| Deadline for Plaintiff to file a Motion for Final Approval of Class Action Settlement | 21 days prior to the Final Approval Hearing |
| Deadline for Class Counsel to file with the Court a declaration regarding mailing of the Notice | With Plaintiff's Motion for Final Approval of Class Action Settlement |
| Deadline for filing any reply papers in further support of the settlement, attorneys' fees and expenses and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Final Approval Hearing | _____, at _____ _.m., at the United States District Court for the District of Alaska, United States Courthouse, 222 W. 7th Avenue, Courtroom _____, Anchorage, Alaska[1] |

---

[1] Due to COVID-19, the Court may hold the Final Approval Hearing telephonically or via videoconference. In this event, the details will be posted on the Settlement Website.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 9 of 10
Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 51 of 52

**SO ORDERED** on this _____ day of _____, 2020.

_____
Hon. Joshua M. Kindred
United States District Judge

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 10 of 10

Case 3:15-cv-00177-JMK   Document 242-1   Filed 09/25/20   Page 52 of 52