IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| South Peninsula Hospital, *et al.*, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>XEROX STATE HEALTHCARE, LLC, n/k/a CONDUENT STATE HEALTHCARE, LLC,<br><br>            Defendant. | Case No. 3:15-cv-00177-JMK<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

Plaintiff South Peninsula Hospital ("Plaintiff") and Defendant Xerox State Healthcare, LLC (n/k/a Conduent State Healthcare, LLC) ("Conduent") (together, the "Parties"), have participated in arm's-length negotiations and mediation overseen by The Honorable Theodore H. Katz (Ret.) of JAMS, and executed a proposed Settlement Agreement (the "Settlement Agreement" or "Settlement"). Plaintiff has moved for entry of an order granting preliminary settlement approval pursuant to Fed. R. Civ. P. 23(e), and Conduent does not oppose the motion. A copy of the Settlement Agreement has been filed with the Court.

Having reviewed the Settlement Agreement and the submissions in support of preliminary approval of the Settlement, the Court finds for purposes of preliminary settlement approval under Fed. R. Civ. P. 23(e)(1)(B), that Plaintiff has made a sufficient showing that it will "likely be able to" meet all requirements of final approval under Fed.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** - Page 1 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 1 of 10

R. Civ. P. 23(e)(2) and certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3), and **Orders** as follows:

I. <u>**CERTIFICATION OF SETTLEMENT CLASS**</u>

The Court has considered: (1) the record in this case, including the briefing provided by Plaintiff in support of its motion for entry of this Preliminary Approval Order; (2) the terms of the Settlement Agreement and benefits to be provided to the Settlement Class; and (3) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Litigation continued. Based on those considerations, the Court finds:

A. Plaintiff has showed in the context of this Settlement that it will "likely be able to" meet all requirements of class certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(3). Specifically, the following requirements are likely to be met: (a) the number of Settlement Class Members exceed 4,000 and therefore the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class Members for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting any individual members; and (f) a class action provides a fair and efficient method for settling the controversy under Rule 23.

B. Because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class

action involving the issues in the Litigation. Likewise, the Court need not consider Conduent's denial of Plaintiff's allegations or its legal arguments.

C. As such, the Court provisionally certifies the Settlement Class for settlement purposes defined as follows:

> all Alaska Medicaid authorized billing providers that submitted a Medicaid claim via or to be processed by Health Enterprise during the period from October 1, 2013 through and including December 31, 2016. For the avoidance of doubt, this includes claims for Medicaid reimbursable services arising on or before December 31, 2016, even if such claims for payment were submitted for payment via or to be processed by Health Enterprise after December 31, 2016.

D. Plaintiff South Peninsula Hospital is appointed as the Class Representative of the Settlement Class, and Shanon J. Carson and Peter R. Kahana of Berger Montague PC, are appointed as Lead Class Counsel.

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A. The Settlement requires Conduent to make a payment of Six Million Seven Hundred and Fifty Thousand Dollars ($6,750,000.00) into an interest-bearing account to be handled as detailed in Paragraphs 4-10 of the Settlement Agreement.

B. The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through significant discovery and motion practice, and whose settlement negotiations included mediation supervised by the Honorable Theodore H. Katz (Ret.) of JAMS.

C. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation,

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 3 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 3 of 10

trial, and/or appeal in this Litigation. The consideration provided to the Settlement Class under the Settlement falls within the range of reasonable recovery when balanced against the risks and delay of continuing the Litigation, and does not grant preferential treatment to Plaintiff, Class Counsel, or any subgroup of the Settlement Class. The plan of allocation is fair and reasonable, and consequently, the Settlement is likely to gain final approval under Fed. R. Civ. P. 23(e)(2).

D. The Court thus preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of Plaintiff and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.

## III. APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, the Parties have submitted a proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form. Having reviewed these documents, the Court finds as follows:

A. The Notice of Settlement and Claim Form attached as exhibits to the Settlement Agreement fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement, in particular, through the Settlement Website.com; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so.

B. Defendant shall notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

C. The Notice of Settlement and Claim Form, and the notice methods described in the Settlement Agreement, satisfy due process, Rule 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

D. Accordingly, the Court hereby approves the proposed Notice Plan and orders that the proposed Notice of Settlement and Claim Form are approved and shall be provided to the Settlement Class as set forth in the Settlement Agreement.

E. Angeion Group, LLC is appointed by the Court as the Settlement Administrator, and shall perform all duties ascribed to it under the Settlement Agreement.

## IV. REQUESTS FOR EXCLUSION AND OBJECTIONS

A. All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement. A member of the Settlement Class who submits a timely and valid request for exclusion cannot object to the Settlement and is not eligible to receive a Settlement Payment.

B. To request exclusion from the Settlement Class, a Settlement Class Member must submit a written request for exclusion to the Settlement Administrator so that it is postmarked by the Objection and Opt-Out Deadline, which is sixty (60) days after the

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 5 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 5 of 10

Notice Date, stating, "I wish to exclude myself from the Settlement Class in the Conduent Class Action Settlement" (or substantially similar clear and unambiguous language). That written request must also contain the Settlement Class Member's printed name, address, telephone number, and email address. The request for exclusion must contain the actual written signature of the Settlement Class Member seeking exclusion. Requests for exclusion cannot be made on a group or class basis.

C. Any Settlement Class Member who does not submit a valid and timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgment in this Litigation.

D. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

E. Any Settlement Class Member who does not submit a written request for exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator a detailed written statement, postmarked by the Objection and Opt-Out Deadline, which is sixty (60) days after the Notice Date, stating the objection(s) in detail and the specific aspect(s) of the Settlement being challenged; the specific reason(s), if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

F. That written statement shall clearly identify the case name and number, and contain (i) the Settlement Class Member's printed name, address, telephone number, and

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 6 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 6 of 10

email address; (ii) evidence showing that the objector is in fact a Settlement Class Member; (iii) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (iv) the actual written signature of the Settlement Class Member making the objection; and (v) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

G. A Settlement Class Member may object on his or her own behalf or through an attorney, however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys involved must be listed on the objection.

H. If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection

I. Any objector who files and serves a valid and timely written objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her objection; provided, however, that any objector or attorney for an objector who intends to make an appearance at the Final Approval Hearing must in the objection state their intention to appear.

J. Any Settlement Class Member who does not comply with these requirements shall waive any and all rights that he, she, or it may have to appear separately and/or to

object to the Settlement, and shall be bound by the terms of the Settlement Agreement and by all proceedings, orders and judgment in the Litigation.

K.  A Settlement Class Member who requests exclusion or objects can withdraw their request for exclusion or objection prior to the Final Approval Hearing by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their request for exclusion or objection.

## V. **FINAL APPROVAL HEARING**

The Court hereby schedules a Final Approval Hearing at \_\_\_\_:\_\_\_\_ \_\_\_ on _____, 2020 (which date is approximately 120 days after the Preliminary Approval Date), to determine whether the Settlement should receive final approval. At that time, the Court will also consider Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, which shall be filed thirty (30) days before the Objection and Opt-Out deadline and posted on the Settlement Website. Plaintiff's Motion for Final Approval of Class Action Settlement shall be filed twenty-one (21) days before the Final Approval Hearing. The Final Approval Hearing may be postponed or rescheduled by the Court, but any rescheduled date will be posted on the Settlement Website.

## VI. **STAY OF PROCEEDINGS AND DEADLINES**

Pending the Final Approval Hearing as scheduled above, the Court hereby stays all proceedings in this case other than those necessary to carry out or enforce the terms of the Settlement Agreement. In accord with the above, the Court sets the following deadlines:

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 8 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 8 of 10

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice and Claim Form to Settlement Class Members | No later than 30 days after entry of Preliminary Approval Order |
| Deadline for Settlement Class Members to file Claim Forms | 14 days prior to the Final Approval Hearing |
| Deadline for Settlement Class Members to opt-out or object to the settlement | 60 days after the Notice and Claim Form is disseminated by the Settlement Administrator |
| Deadline for Plaintiff to file a Motion for Attorneys' Fees and Expenses | 30 days after the Notice and Claim Form is disseminated by the Settlement Administrator |
| Deadline for Plaintiff to file a Motion for Final Approval of Class Action Settlement | 21 days prior to the Final Approval Hearing |
| Deadline for Class Counsel to file with the Court a declaration regarding mailing of the Notice | With Plaintiff's Motion for Final Approval of Class Action Settlement |
| Deadline for filing any reply papers in further support of the settlement, attorneys' fees and expenses and/or in response to any written objections | Seven (7) days prior to the Final Approval Hearing |
| Final Approval Hearing | _____, at _____ \_.m., at the United States District Court for the District of Alaska, United States Courthouse, 222 W. 7th Avenue, Courtroom _____, Anchorage, Alaska[1] |

---

[1] Due to COVID-19, the Court may hold the Final Approval Hearing telephonically or via videoconference. In this event, the details will be posted on the Settlement Website.

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 9 of 10

**SO ORDERED** on this _____ day of _____, 2020.

_____
Hon. Joshua M. Kindred
United States District Judge

*South Peninsula Hospital, et al. v. Xerox State Healthcare, LLC*, No. 15-cv-00177-JMK –
**PRELIMINARY APPROVAL ORDER** -Page 10 of 10
Case 3:15-cv-00177-JMK   Document 242-4   Filed 09/25/20   Page 10 of 10